**Aca MURPHY, Jr., Appellant,**

v.

**Lester LANCASTER, Thomas Washington, Robert Thomas, David F. Butler, Appellees.**

**Marjorie MURPHY, Appellant,**

v.

**Thomas WASHINGTON, Appellee.**

Nos. 91–1580, 91–1581.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided April 3, 1992.

Aca Murphy and Marjorie Murphy, pro se.

David F. Butler, Magnolia, Ark., argued (Dinah Dale and Winston Bright, Little Rock, Ark., on the brief), for appellees.

Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Aca and Marjorie Murphy appeal from the district court's orders dismissing without prejudice their separate 42 U.S.C. § 1983 complaints. We reverse.

Aca Murphy commenced this action against Lester Lancaster, city investigator for the Magnolia, Arkansas Police Department, and two unnamed undercover agents. Murphy's complaint alleges that on May 4, 1989, the agents came to his home and asked him to buy crack cocaine for them. According to Murphy, he left with the agents to get some beer, and they subsequently arrested him. Murphy asserts that when he asked why the agents were arresting him, they began hitting him in the face with their guns, and then took Murphy to the sheriff's office where they handcuffed him and kept hitting him until he passed out. Lancaster answered the complaint by stating he did not have any undercover officers working for him at the time of the alleged incident who were involved with the arrest of Mr. Murphy, and Lancaster requested that the complaint be dismissed. The arresting officers were later identified as Thomas Washington and Robert Thomas, who were El Dorado officers assigned to the Thirteenth Judicial District Drug Task Force.

Murphy subsequently filed an amended complaint specifically naming Washington and Thomas as defendants and adding defendant David Butler, the Deputy Prosecuting Attorney in charge of the drug task force. Murphy alleges Butler was responsible for the overall operation of the task force, including the acts of Washington and Thomas. He claims Butler knew or should have known of defendants' "get tough" policies, but did nothing to stop them. Murphy further asserts that Butler threatened to retaliate against him and his wife for filing complaints against Washington and Thomas.

In his answer, Butler admits he was responsible for the prosecutorial duties of the task force but denies that he had any authority over arrest procedures. He also denies harassing or questioning the Murphys about their complaints. Washington and Thomas answered by stating that they arrested Murphy pursuant to a valid arrest warrant. They deny beating Murphy but assert that upon being advised he was under arrest, he refused to cooperate and a scuffle occurred. In their answers, the defendants requested the court to dismiss the complaint for failure to state a claim.

In her complaint, Marjorie Murphy alleges that on March 28, 1989, a man she did not know came to her home looking for Mr. Murphy. Mrs. Murphy says when she told the man that her husband was not at home, the man pulled his gun out and pointed it at Mrs. Murphy and her daughter as they stood in the doorway. Mrs. Murphy asserts she then went into the house to get her husband, and upon their return, the man threatened to kill her husband. Thomas was later identified as the man that came to the Murphy residence. His answer denies pointing a gun at Mrs. Murphy or her child and requests dismissal of the complaint.

Following the filing of the defendants' answers, without the benefit of a motion from defendants or notice to the parties, the district court sua sponte dismissed the complaints without prejudice. The court concluded there was no merit to Mr. Murphy's complaint and found that Mrs. Murphy's complaint failed to state a federal claim. In both cases, the district court based its dismissal upon "the complaint and the record as a whole." On appeal, the Murphys argue that the district court erred by dismissing their complaints and request appointment of counsel.

The district court cited no authority in its order dismissing the Murphys' complaints, thereby complicating appellate review. But, because the complaints were filed, served, and answered, we will assume the district court proceeded under Federal Rules of Civil Procedure 12(b)(6), rather than 28 U.S.C. § 1915(d). *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991) (district court may dismiss complaint sua sponte under Rule 12(b)(6) following service of process); *Williams v. White*, 897 F.2d 942, 943–44 (8th Cir.1990) (section 1915(d) dismissal to occur before service of process and before burdening defendant with necessity of filing answer).

When unaccompanied by notice to the plaintiffs and an opportunity to respond, sua sponte dismissals deprive plaintiffs of the chance to develop legal arguments or clarify factual allegations, undercut the adversarial process, and render the appellate record less complete for review. *See Neitzke v. Williams*, 490 U.S. 319, 329–30, 109 S.Ct. 1827, 1833–34, 104 L.Ed.2d 338 (1989). Consequently, a sua sponte dismissal without prior notice under Rule 12(b)(6) is authorized only "when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Smith*, 945 F.2d at 1043. When proceeding under Rule 12(b)(6), the well-pleaded factual allegations in a complaint must be accepted as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1832. Moreover, a case should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Here, after reviewing the complaints de novo, we conclude that the facts alleged in the Murphys' complaints could provide them with grounds for relief under a number of § 1983 theories. Thus, the district court erred by dismissing the complaints in their entirety. We decline to examine each claim presented by the Murphys' complaints under the appropriate standard to determine whether each specific claim is or is not actionable under § 1983, but rather leave that task to the district court. We do, however, suggest that the parties for both sides be allowed an opportunity to present their views before any further review under Rule 12(b)(6) is conducted by the trial court.

Accordingly, we reverse the district court's orders dismissing the complaints and remand for further proceedings.

In view of our disposition, we deny the Murphys' motion for appointed counsel on appeal without prejudice to the Murphys' renewal of their motion for appointment of counsel in the district court.