974 F.2d 81
 Robert H. KETCHUM, Appellant,
v.
CITY OF WEST MEMPHIS, ARKANSAS, West Memphis Police, Does
I-IV, Love's and Phillips 66 or Union 76 Truck
Stops in West Memphis, and West Memphis
Paramedic Services, Appellees.
 No. 91-3234.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 7, 1992.
Decided Sept. 2, 1992.
 
 The appellant proceeded pro se.
 David C. Peeples, City Atty., West Memphis, Ark., for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, FAGG and MAGILL, Circuit Judges.
 RICHARD S. ARNOLD, Chief Judge.
 
 
 1
 Robert H. Ketchum brought this action on his own behalf under 42 U.S.C. § 1983 against the City of West Memphis, Arkansas, and other defendants. The District Court granted leave to proceed in forma pauperis, and the summons and complaint were served on the City. The City then moved to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that the complaint contained only conclusory allegations and did not allege sufficient facts to support a claim. The District Court granted this motion. Ketchum now appeals. We affirm in part, reverse in part, and remand for further proceedings. In at least one respect, the complaint did contain sufficient facts to allege a viable constitutional theory.
 
 I.
 
 2
 When read with the indulgence due pro se complaints, plaintiff's complaint names eight separate defendants: the City of West Memphis, Arkansas; the West Memphis Police Department; "Does I-IV," apparently four unnamed West Memphis police officers; Love's and Phillips 66 or Union 76 truck stops in West Memphis; and West Memphis Paramedic Services. As to three of these defendants, dismissal was clearly proper. The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government. In addition, the complaint alleges no conduct on the part of either of the named truck stops. Apparently one or the other of them was the location of the incident that plaintiff complains about--an incident we are about to describe. This of course is not enough to make the truck stops defendants, even if a "truck stop" were a suable entity, which it is not.
 
 
 3
 With respect to the City of West Memphis and the four unnamed police officers, the complaint makes the following allegations. We quote them in their entirety.
 
 
 4
 In July 1989--False arrest. Plaintiff was punished without due process of law guaranteed by the Eighth and Fourteenth Amendments. Plaintiff was told to walk across river with broken toe. Later he was arrested for loitering and police crossed state line unlawfully and dumped at car wash in Memphis, Tennessee.
 
 
 5
 To the extent that these allegations attempt to state a claim under the common law of Arkansas for false arrest, they are barred by limitations, as the District Court held. See Ark.Code Ann. § 16-56-104 (1987) (one-year period). Actions under 42 U.S.C. § 1983, however, are not governed by this one-year statute of limitations. In Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that § 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations, not by particular state statutes covering particular torts. In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state. We have so held many times. E.g., Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir.1991); Lyons v. Goodson, 787 F.2d 411, 412 (8th Cir.1986). Thus, Ketchum's § 1983 action is not barred by limitations, as the District Court, indeed, implicitly recognized by mentioning limitations as a ground for dismissal only in respect of Ketchum's state-law false-arrest claim.
 
 
 6
 The question, then, is whether sufficient facts were pleaded to allege a constitutional violation. Before addressing this question, we set out additional facts contained in Ketchum's opposition to the City's motion to dismiss, filed in the Court below. Because plaintiff is proceeding pro se, we treat facts set out in this filing as de facto amendments to the complaint. The District Court took the same approach, and this is in accordance with our practice. See Winfrey v. Brewer, 570 F.2d 761, 764 & n. 4 (8th Cir.1978). The additional facts, as recited in plaintiff's opposition, are as follows:When [plaintiff] entered West Memphis he had a broken toe. The paramedics refused medical treatment. The police arrested plaintiff for "loitering." He had been ordered to hike across the bridge with a broken toe. He was taken to jail and then transported out of Arkansas to Memphis, Tennessee, and dumped at a car wash. Plaintiff alleges ... unlawful extradition by West Memphis City Police and denial of medical services.
 
 
 7
 * * * * * *
 
 
 8
 The police did not intend to prosecute plaintiff and did not have authority to transport plaintiff over the bridge, across the state line, to "evict" plaintiff from Arkansas.
 
 
 9
 * * * * * *
 
 
 10
 There was an "arrest." No prosecution. Then plaintiff was dumped at a car wash.
 
 
 11
 The District Court held that these allegations failed to state a claim. We review this holding de novo. It is important to note, for purposes of determining the correct standard of review, that the District Court did not dismiss this complaint as frivolous under 28 U.S.C. § 1915(d). Such dismissals are reviewable for abuse of discretion only, and they are not considered dismissals on the merits, because they do not prejudice the filing of a paid complaint making the same allegations. E.g., Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Here, the complaint was filed and served, and the City moved to dismiss under Fed.R.Civ.P. 12(b)(6), not under 28 U.S.C. § 1915(d). The District Court's order, moreover, cites only Rule 12(b)(6) as the basis for dismissal, does not mention § 1915(d), and states that the dismissal is with prejudice. In this situation, our review is de novo, and we have so held as recently as Murphy v. Lancaster, 960 F.2d 746 (8th Cir.1992) (per curiam).
 
 
 12
 Accordingly, "the well-pleaded factual allegations in [the] ... complaint must be accepted as true," and the "case should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Murphy v. Lancaster, supra, 960 F.2d at 748, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
 
 
 13
 In at least one respect, the allegations before us allege a constitutionally viable theory. The nature of our federal system presupposes a right to travel from state to state, and states may not prohibit such travel. Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 901-904, 106 S.Ct. 2317, 2319-2322, 90 L.Ed.2d 899 (1986); Edwards v. California, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119 (1941). This federal right includes " 'the freedom to enter and abide in any State in the Union.' " Dunn v. Blumstein, 405 U.S. 330, 338, 92 S.Ct. 995, 1001, 31 L.Ed.2d 274 (1972), quoting Oregon v. Mitchell, 400 U.S. 112, 285, 91 S.Ct. 260, 345, 27 L.Ed.2d 272 (1970) (Stewart, J., concurring in part and dissenting in part, joined by Burger, C.J., and Blackmun, J.). If Ketchum, while in Arkansas, committed a crime, he was of course subject to arrest and prosecution. But neither the state nor its political subdivisions had a right to banish or exile him to Tennessee. (The "bridge" mentioned by Ketchum is, of course, the bridge over the Mississippi River connecting West Memphis, Arkansas, with Memphis, Tennessee.) Thus, it was error for the District Court to dismiss this complaint for failure to state a claim. As in Murphy, supra, 960 F.2d at 748, we do not stop to examine each claim possibly raised by the allegations, but rather leave that task to the District Court. It is sufficient for our purposes that at least one tenable claim for relief is clearly, if inartfully, alleged.
 
 
 14
 On remand, Ketchum will be at liberty to move for appointment of counsel, and we ask the District Court to consider this motion carefully, if it is made.
 
 II.
 
 15
 With respect to the defendants West Memphis Police Department, West Memphis Paramedic Services, and "Love's and Phillips 66 or Union 76 truck stops in West Memphis," dismissal of the complaint with prejudice is affirmed. The same is true insofar as the complaint seeks to allege a state-law theory of false arrest. The action under 42 U.S.C. § 1983 against the City of West Memphis and the four unnamed police officers, however, should not have been dismissed on the pleadings. This decision by the District Court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.[1]
 
 
 16
 It is so ordered.
 
 
 17
 FAGG, Circuit Judge, dissenting.
 
 
 18
 I respectfully dissent. The court makes a judicial mountain out of a legal molehill. Keeping a case like Ketchum's on a federal court docket merely encourages spite-based litigation and trivializes the Constitution. I am hard pressed to find an encroachment on the Constitution when police officers have done nothing more than transport a transient from one side of a bridge to another. I believe the district court wisely dismissed this tattered case.
 
 
 
 [1]
 The complaint fails to allege any policy or custom on the part of the City of West Memphis. Thus, the allegations may be defective under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The City's motion to dismiss did not make this argument, it is not mentioned in the District Court's opinion, and it has not been briefed in this Court. Defendant is free to develop this aspect of the case on remand. If the City should be dismissed on this or any other ground, the action would remain pending against "Does I-IV" only if plaintiff is able, after being given a reasonable opportunity for discovery, to determine the names of these officers and to effect service on them