24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Dorothy LEWIS; Anthony Lewis, Appellants,
v.
Randall HUNDLEY; Ron Orr; Larry Hunter, Appellees.
 No. 93-3527.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 29, 1994.
Filed: May 4, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dorothy and Anthony Lewis appeal the district court's dismissal of their 42 U.S.C. Sec. 1983 complaint for failure to state a claim. We reverse and remand to the district court for further proceedings.
 
 
 2
 In September 1992, the Lewises filed a pro se complaint alleging that Randall Hundley, Ron Orr, and Larry Hunter-Kansas City, Missouri police officers-violated their constitutional rights by arresting Anthony Lewis and seizing their firearms without warrants. The district court granted Hunter's motion to dismiss for improper service, and Hundley's and Orr's motions to dismiss, finding that the complaint failed to state a claim for relief. The court noted that the Lewises failed to plead any facts or advance "any legally sufficient reason for [it] to conclude that the arrests, searches, or seizures were illegal or unconstitutional." The Lewises appeal the district court's judgment with respect to Hundley and Orr.
 
 
 3
 We review de novo the dismissal of a complaint for failure to state a claim. Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam). The well-pleaded factual allegations in the complaint must be accepted as true, and the case should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992) (per curiam). We must also consider any additional facts contained in the Lewises' opposition to Hundley's and Orr's motions to dismiss, and treat them "as de facto amendments to the complaint." See Ketchem v. City of West Memphis, Arkansas, 974 F.2d 81, 82 (8th Cir. 1992).
 
 
 4
 "It is fundamental that an arrest violates the Fourth Amendment when there exists no reasonable suspicion or probable cause that an individual is engaged in criminal activity." Gainor v. Rogers, 973 F.2d 1379, 1387 (8th Cir. 1992). Likewise, a seizure is unconstitutional if the officer lacked "a reasonable articulable suspicion that criminal activity was afoot[,] ... based on ... particular facts known to the officer and the inferences rationally to be drawn from those facts, as viewed in the totality of the circumstances and in light of the officer's experience." United States v. O'Neal, No. 93-2399, 1994 WL 45459, * 1 (8th Cir. Feb. 17, 1994).
 
 
 5
 In their complaint, the Lewises alleged that the officers violated their Fourth Amendment rights "by seizure of a person and personal property without warrants." In their response to Hundley's and Orr's motion to dismiss the complaint for failure to state a claim, the Lewises alleged that Hundley and Orr came to their residence in June 1991 to assure that the Lewises' eviction proceeded in a peaceful manner, and that the officers searched the residence for weapons without a search warrant.
 
 
 6
 We conclude that the Lewises alleged sufficient facts to state a claim. See Cole v. Nebraska State Bd. of Parole, 997 F.2d 442, 444 (8th Cir. 1993) (per curiam) (complaint alleging officer violated plaintiff's rights under Fourth Amendment because arrest was without warrant stated a claim). Accordingly, the judgment of the district court dismissing the complaint for failure to state a claim against Hundley and Orr is vacated and the case is remanded for further proceedings.