29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terry CAMP, Appellant,
v.
Jarrel DAILEY, Executive Secretary of the State Board of
Barber Examiners; Arkansas State Board of Barber
Examiners, Appellees.
 No. 93-3605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 10, 1994.
Filed: June 28, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry Camp appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 On January 11, 1990, an Arkansas jury convicted Camp of second degree battery arising from the death of his wife. In April 1993, Camp filed this action alleging that in July 1989, six months prior to his trial, the Arkansas State Board of Barber Examiners refused to renew his barber license based on its belief that he would be convicted. Camp claimed that the Board's action, undertaken without a hearing, deprived him of due process and was an intentional infliction of emotional distress. Defendants moved to dismiss, primarily asserting that Camp's suit was time-barred. Over Camp's objections, the district court dismissed Camp's complaint for failure to state a claim, based on the time bar.
 
 
 3
 We review de novo the ruling on a motion to dismiss. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). The district court correctly determined that Camp's action was time- barred, because the harm he complains about allegedly occurred in July 1989, more than three years before he filed this suit. See Wilson v. Garcia, 471 U.S. 261, 280-81 (1985) (limitations period for section 1983 action governed by state's general personal-injury statute of limitations); Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (three-year limitations period in Arkansas). In addition, Camp was imprisoned in Arkansas; therefore, he was not entitled to a disability tolling of the statute of limitations. See Ark. Code Ann. Sec. 16-56-116 (Michie 1987) (tolling provision for persons incarcerated outside Arkansas). Finally, Camp's contention that his claims are "habeas in nature" is completely without merit as the Board's action in no way affects the validity of his conviction.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas