# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1982

_____

Everett B. Robinson,

         Appellant,

    v.

S. McCoy Jordan, Warden,
Wrightsville Unit; Larry Jordan,
Chief of Security, Wrightsville Unit;
Smith, Sgt. Shift Supervisor,
Wrightsville Unit,

         Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: June 5, 1998
Filed: June 8, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Everett B. Robinson appeals from the district court's[1] order dismissing without prejudice his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies, as required under 42 U.S.C. § 1997e(a), enacted by the Prison Litigation

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Reform Act. We affirm.

Robinson argues that matters in his complaint are not grievable under the administrative regulations and directives. We have reviewed the entire record, and we conclude that Robinson has not exhausted his administrative remedies for all his claims. Because Robinson has not asserted that he can no longer exhaust his administrative remedies and the dismissal was without prejudice,[2] we affirm. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (affirming dismissal without prejudice for failure to exhaust where plaintiff not precluded from further exhaustion).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]We note that the statute of limitations has not yet run on this action. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (three-year statute of limitations applies to § 1983 action in Arkansas).