# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2503

_____

James Brian Wright,                         *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
    v.                                      *   District Court for the
                                            *   Western District of Arkansas.
John Doe, Police Officer #2, Fort Smith     *
Police Department; John Doe, Police         *   [UNPUBLISHED]
Officer #1, Fort Smith Police               *
Department; Ron Lockhart, Corporal,         *
Fort Smith Police Department; Mark          *
Hallum, Major, Fort Smith Police            *
Department; Unknown Deputies of the         *
Sebastian County Sheriff's Department;      *
Frank Atkinson, Sheriff,                    *
                                            *
            Appellees.                      *

_____

Submitted:  November 4, 2010
   Filed:  November 8, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate James Brian Wright appeals the district court's[1] dismissal with prejudice of his 42 U.S.C. § 1983 action under Federal Rule of Civil Procedure 12(b)(6). We review the dismissal de novo. See Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006). We agree that Wright's action was filed outside the applicable period of limitations. See Ark. Code. Ann. § 16-56-116 (person under age of 21 when action accrues may bring action within 3 years after attaining full age); Wallace v. Kato, 549 U.S. 384, 388, 393 (2007) (accrual date of § 1983 cause of action is question of federal law and occurs when plaintiff has complete and present cause of action; Heck rule for deferred accrual is called into play only when there is extant conviction, rather than anticipated future conviction); Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (Arkansas's 3 year general personal-injury statute of limitations governs § 1983 claims brought in Arkansas); Johnson v. Johnson Cnty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) (claims arising out of police action toward criminal suspect, such as arrest and interrogation, are presumed to have accrued when actions actually occurred).

We also conclude that the district court did not abuse its discretion in denying Wright's motion for reconsideration. See Arnold v. Wood, 238 F.3d 992, 998 (8th Cir. 2001) (standard of review). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.