# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3449

_____

Eddie Briley,

          Appellant,

v.

Garald Roberson, Sheriff, Jefferson
County; Greg Bolin, Chief Deputy,
W.C. Dub Brassell Detention
Facility; Tyra Tyler, Major, W.C.
Dub Brassell Detention Facility;
Edward Adams, Captain, W.C. Dub
Brassell Detention Facility; Ernestine
Murray, Deputy, W.C. Dub Brassell
Detention Facility; Williams, Deputy,
W.C. Dub Brassell Detention
Facility; Roberts, Deputy, W.C. Dub
Brassell Detention Facility; Adams,
Corporal, W.C. Dub Brassell Detention
Facility,

          Appellees.

\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Arkansas.

\*  [UNPUBLISHED]

_____

Submitted: July 6, 2012
Filed: July 19, 2012

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Inmate Eddie Briley appeals following the district court's[1] entry of final judgment in his 42 U.S.C. § 1983 action. We affirm the 28 U.S.C. § 1915A dismissal of Briley's excessive-force claim, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review), because Briley failed to file timely objections to the magistrate judge's report, despite receiving notice that failure to do so would result in a waiver, and failed to alert the district court to the error that he now identifies on appeal. The district court proceeded on the assumption that the excessive-force claim raised in this lawsuit arose from the same incident as the excessive-force claim raised in an earlier lawsuit filed by Briley. Therefore, Briley is not precluded from filing a separate suit based on the incident that allegedly occurred on June 28, 2010, and involved Deputies Murray, Williams, and Roberts. See Ketchum v. City of W. Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (three-year statute of limitations applies to § 1983 action in Arkansas).

The remaining claims arose out of plumbing problems and the size and placement of Briley's bunk in a holding cell. After defendants moved for summary judgment and an evidentiary hearing was held, the district court dismissed those claims. Upon careful review, we agree with the district court that the evidence would not allow a finding that defendants deliberately disregarded a known risk to Briley's health or safety with regard to the plumbing issues, or that the alleged size and placement of Briley's bunk rose to the level of a constitutional violation. See Schoelch v. Mitchell, 625 F.3d 1041, 1045-46 (8th Cir. 2010) (reviewing de novo grant of summary judgment); see also Johnson v. Bi-State Justice Ctr., 12 F.3d 133,

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

135-36 (8th Cir. 1993) (pretrial evidentiary hearing standard).[2]  The district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

———————————————————

<hr>

[2]We do not consider the new matters that Briley raises in challenging the section 1915A dismissal of his access-to-courts claims against certain defendants. <u>See</u> <u>Stone v. Harry</u>, 364 F.3d 912, 914-15 (8th Cir. 2004).