Richard R. BARNES, Appellee,

v.

STATE OF MISSOURI, Appellant.

No. 91–2163.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1992.

Decided March 23, 1992.

**64**

Karen A. King, Jefferson City, Mo., for appellant.

Lawrence J. Altman, Clayton, Mo., for appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

This case involves an appeal from a denial of a summary judgment motion that included the issue of immunity under the Eleventh Amendment. We reverse.

Plaintiff Richard Barnes filed a complaint in federal court alleging that Freeman Bosley, the Clerk of the Circuit Court in the City of St. Louis, and other unnamed city and state employees obtained plaintiff's arrest record and disseminated it to the public in violation of the First Amendment Privacy Protection Act, 42 U.S.C. § 2000aa, the First Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983. The named defendants in this case include Freeman Bosley, the City of St. Louis, and the State of Missouri. The State of Missouri moved for summary judgment based upon immunity pursuant to the Eleventh Amendment and Barnes' alleged failure to state a claim. One week before trial, the magistrate judge denied the motion for summary judgment without written opinion.

██ The general rule is that courts of appeals may not hear denials of summary judgment because they are not "final decisions." *Wright v. South Ark. Regional Health Ctr.*, 800 F.2d 199, 202 (8th Cir. 1986) (citing 28 U.S.C. § 1291). Collateral orders denying an important and independent claim, such as a claim of absolute or qualified sovereign immunity, constitute an exception to the general rule. *Id.; see Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985). Immunity from suit is effectively lost if the party claiming it is erroneously forced to stand trial. *Wright*, 800 F.2d at 202. Therefore, interlocutory review of this order on the Eleventh Amendment immunity issue is appropriate. *See Kroll v. Board of Trustees of Univ. of Ill.*, 934 F.2d 904, 906 (7th Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 377, 116 L.Ed.2d 329 (1991) (citations omitted).

██ The Eleventh Amendment bars a citizen from bringing suit for monetary damages against a state in federal court. *Welch v. Texas Dep't of Hwys. & Public Transp.*, 483 U.S. 468, 472, 107 S.Ct. 2941, 2945, 97 L.Ed.2d 389 (1987). When a state is directly sued in federal court, it must be dismissed from litigation upon its assertion of Eleventh Amendment immunity unless one of two well-established exceptions exists. *Kroll*, 934 F.2d at 907.

██ The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by "clear and unmistakable language."

*Welch,* 483 U.S. at 474, 107 S.Ct. at 2946 (citations omitted). The Privacy Protection Act, which Barnes alleges has been violated, provides a cause of action against a state only if the state "has waived its sovereign immunity under the Constitution to a claim of damages resulting from a violation of this chapter." 42 U.S.C. § 2000aa–6(a). The language of this provision makes plain that Congress chose not to abrogate Eleventh Amendment immunity for causes of action under this statute. Barnes also alleges violations of the First Amendment, the Fourteenth Amendment, and 42 U.S.C. § 1983. Congress has not waived the states' Eleventh Amendment immunity by enacting § 1983. *Hafer v. Melo,* —— U.S. ——, 112 S.Ct. 358, 364, 116 L.Ed.2d 301 (1991) (citation omitted); *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1145–46, 59 L.Ed.2d 358 (1979).

Second, a state may waive its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch,* 483 U.S. at 473, 107 S.Ct. at 2946 (citations omitted). Missouri's narrow waiver of its immunity does not include the types of claims raised by Barnes. *See* Mo.Rev.Stat. § 537.600.

Barnes named the State of Missouri itself as the defendant. Barnes has not named any employees or officials of the state in their official or personal capacities. In fact, Barnes himself argues that the unnamed state employees were acting within the scope of their authority. Congress has not abrogated the states' immunity nor has the State waived its immunity with respect to the types of claims raised by Barnes. Therefore, the Eleventh Amendment bars these claims against the State of Missouri, and the denial of the State of Missouri's motion for summary judgment is reversed.