**Doyle J. WILLIAMS, Appellee,**

v.

**STATE OF MISSOURI, Appellant.**

**No. 92–1460.**

United States Court of Appeals, Eighth Circuit.

Submitted July 15, 1992.

Decided July 21, 1992.

Robert B. Ramsey, St. Louis, Mo., for appellant.

Doyle J. Williams, was pro se.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

PER CURIAM.

The State of Missouri appeals from the district court's order denying its motion to dismiss Doyle J. Williams's 42 U.S.C. § 1983 action on the grounds of Eleventh Amendment immunity. We reverse and remand for dismissal.

Williams, a Missouri inmate, named the State of Missouri as the sole defendant in this section 1983 action. The State moved to dismiss based on immunity pursuant to the Eleventh Amendment, the district court's lack of jurisdiction, and Williams's failure to state a claim. The district court denied the motion and the State appealed.

Interlocutory review of the district court's order on the Eleventh Amendment immunity issue is appropriate because "[i]mmunity from suit is effectively lost if the party claiming it is erroneously forced to stand trial." *Barnes v. State of Missouri,* 960 F.2d 63, 64 (8th Cir.1992) (per curiam).

The Eleventh Amendment bars suits against a State by citizens of that same State in federal court. *Papasan v.*

*Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986). "This bar exists whether the relief sought is legal or equitable." *Id.* *Barnes* mandated that "[w]hen a state is directly sued in federal court, it must be dismissed from litigation upon its assertion of Eleventh Amendment immunity unless one of two well-established exceptions exists." *Barnes,* 960 F.2d at 64. The exceptions, Congressional abrogation and state waiver, do not apply in this case. First, this court has held that Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *Id.* at 65. Second, Missouri's immunity statute, Mo.Rev.Stat. § 537.600, does not waive immunity for the type of claim raised by Williams. *See Barnes,* 960 F.2d at 65. Accordingly, we reverse the district court and remand with an instruction to dismiss the case.