William COOPER, Appellant,

v.

Paul DELO, Dick Moore, Gail Hughes, George A. Lombardi, Myrna Trickey, R. Dale Riley, William L. Webster, John Ashcroft, William Armontrout, Donald Cline, Jimmie M. Jones, Vernon Heath, Dale Stallman, John Does, Appellees.

No. 92–3142.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1993.

Decided June 21, 1993.

Rehearing and Rehearing En Banc Denied July 30, 1993.

The appellant appeared pro se.

Mark H. Levison and Joseph M. Wallace, Sp. Asst. Attys. Gen., St. Louis, MO, for appellees.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

William Cooper appeals the district court's[1] dismissal of defendants Dick D. Moore, Gail Hughes, George A. Lombardi, Myrna Trickey, R. Dale Riley, William Webster, John Ashcroft, William Armontrout, Donald Cline, Jim Jones, Vernon Heath, and Dale Stallman under 28 U.S.C. § 1915(d), and the grant of summary judgment for defendant Paul Delo in his 42 U.S.C. § 1983 action. We affirm.

In April 1990, Cooper filed this section 1983 complaint against the above-named defendants and "John Does," alleging they violated his constitutional rights by retaliating

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

against him for filing lawsuits and assisting other inmates in filing lawsuits. More specifically, Cooper alleged defendants charged him with a false conduct violation, denied him due process, found him guilty of the violation without any evidence, and punished him, all in retaliation for his legal activities. Cooper also alleged that defendants conspired to interfere with his meaningful access to the courts in retaliation for his continued legal activities.

Cooper further alleged he could not adequately prepare for his twenty pending cases because the present legal program at Potosi Correctional Center (PCC) provided inadequate legal assistance and insufficient opportunities to review legal materials. Cooper alleged that Delo, superintendent at PCC, refused to release his personal legal materials from storage, and permitted legal mail to be delivered just before 10:00 p.m. when the lights are turned out at PCC. Finally, Cooper alleged Delo violated his constitutional rights by requiring him to open all of his legal mail in front of prison officials.

The district court dismissed without prejudice as frivolous Cooper's retaliation and mail claims. The court ordered service on Delo and dismissed the complaint without prejudice as to the remaining named defendants. After service, Delo answered and moved for summary judgment. The district court granted Delo's motion, and Cooper appealed.

█ We review a district court's dismissal of a complaint under section 1915(d) for abuse of discretion. *Denton v. Hernandez,* — U.S. —, —, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992). We conclude the district court did not abuse its discretion in dismissing Cooper's retaliation claim as frivolous, because the claim was duplicative of a claim previously dismissed as frivolous under section 1915(d). *See id.* (section 1915 dismissal "could ... have res judicata effect for future [IFP] petitions"); *Aziz v. Burrows,* 976 F.2d 1158, 1158–59 (8th Cir.1992) (approving section 1915(d) dismissal of duplicative complaint); *Cooper v. Stallman,* No. 90–1332, slip op. at 1, 915 F.2d 1578 (Table) (8th Cir. July 9, 1990) (unpublished per curiam) (affirming section 1915(d) dismissal of claim that defendants falsely charged Cooper

with conduct violation). Likewise, the district court did not abuse its discretion in dismissing Cooper's mail claim because it lacked an arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989) (claim is frivolous if lacks arguable basis either in law or in fact); *Wolff v. McDonnell,* 418 U.S. 539, 574–77, 94 S.Ct. 2963, 2983–85, 41 L.Ed.2d 935 (1974) (approving prison practice of opening legal mail in inmate's presence). Cooper's conspiracy claim lacked an arguable basis in fact because he did not allege facts suggesting a mutual understanding or meeting of the minds. *See Holbird v. Armstrong–Wright,* 949 F.2d 1019, 1020 (8th Cir.1991) (per curiam) (complaint subject to dismissal under section 1915(d) if allegations of conspiracy are inadequate); *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam) (allegations must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a meeting of minds) (citation omitted).

█ We review de novo the district court's grant of summary judgment in favor of Delo. *See United States ex. rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir.1992). We conclude Delo was entitled to summary judgment on Cooper's claims that Delo denied him meaningful access to the courts because Cooper failed to present sufficient evidence that he was prejudiced. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (nonmovant must set forth specific facts showing genuine issue of material fact); *Berdella v. Delo,* 972 F.2d 204, 210 (8th Cir.1992) (claim for denial of meaningful access to courts requires showing of prejudice); *Flittie v. Solem,* 827 F.2d 276, 280 (8th Cir.1987) (per curiam) (claim of inadequate access to prison law library requires showing of prejudice).

Accordingly, we affirm.