**Darrel ALLEN; Mark Rose; Michael Radford, Appellants,**

v.

**James PURKETT, Superintendent; Helen Scott; Thomas Wright; Johnie P. Swaringam; Arnold S. Dement; Larry Cornell; Kenneth J. Kluver; M.S.P. Laboratory, Appellees.**

No. 93–2136.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Sept. 28, 1993.

---

2. Ellefson raised additional claims, but appointed habeas counsel abandoned them in the district court.

Appellants pro se.

Kathleen L. Pine and Thomas J. Hayek, St. Louis, MO, argued for appellees.

Before McMILLIAN, HANSEN, MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Darrel Allen, Mark Rose, and Michael Radford, inmates at the Farmington Correctional Center (FCC) in Missouri, appeal the district court's [1] dismissal of their 42 U.S.C. § 1983 complaint. We affirm.

Plaintiffs alleged that defendant Johnie P. Swaringam issued false conduct violation reports for drug use against each of them, and that defendants Arnold S. Dement, Larry Cornell, and Kenneth J. Kluver, members of the conduct hearing review board, refused to provide plaintiffs with copies of the urinalysis results and denied their requests for repeated urinalysis tests conducted by an impartial laboratory. Plaintiffs alleged that defendant James Purkett, FCC's superintendent, wrongfully removed them from the Honor Housing Unit at FCC because of the conduct violations. Plaintiffs also named as defendants Helen Scott, Thomas Wright and M.S.P. Laboratory, but plaintiffs' complaint did not contain any allegations against these three defendants. Plaintiffs sought injunctive and declaratory relief and damages, and demanded a jury trial.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

The district court concluded that plaintiffs' complaint was "fatally deficient" because it failed to specify whether defendants were sued in their individual or official capacities. The district court also determined that plaintiffs failed to make sufficient allegations to state a claim against Swaringam, Purkett, Scott, and Wright; that plaintiffs failed to state a claim against Dement, Cornell and Kluver because plaintiffs were not entitled to copies of the urinalysis results prior to the disciplinary hearing or additional urinalysis tests; and that any claims against M.S.P. Laboratory must fail because it is a state agency and entitled to Eleventh Amendment immunity. Accordingly, the court dismissed plaintiffs' complaint. Plaintiffs appealed.

 This court reviews de novo a dismissal for failure to state a claim and because of Eleventh Amendment immunity. *See Dicken v. Ashcroft,* 972 F.2d 231, 233 (8th Cir.1992) (failure to state a claim); *cf. Williams v. Missouri,* 973 F.2d 599, 599–600 (8th Cir.1992) (per curiam) (Eleventh Amendment immunity). Initiation of a disciplinary action alone does not support a section 1983 claim. *See Glick v. Sargent,* 696 F.2d 413, 414 (8th Cir.1983). Plaintiffs did not allege that Swaringam knew or even should have suspected that the drug test results were false. Plaintiffs failed, therefore, to state a claim against Swaringam.

Plaintiffs failed to allege any claim against Scott and Wright. While these parties are named as defendants in the complaint, no factual allegations are made in the complaint against them. *See Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (to state section 1983 claim against defendant, plaintiff must allege that defendant "was personally involved in or had direct responsibility for incidents that" resulted in injury). We also conclude the district court did not err by dismissing M.S.P. Laboratory on the basis of Eleventh Amendment immunity. *See Williams,* 973 F.2d at 599–600.

 The only allegation against Purkett is that he removed plaintiffs from the Honor Housing Unit after their disciplinary convictions. Plaintiffs had no right, arising solely under the Due Process Clause, to be housed in a certain barrack or housing unit, or with certain inmates. *Cf. Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (Due Process Clause does not foreclose State's right to assign or transfer inmate to any state prison). Plaintiffs did not allege that they had a state-created liberty interest in remaining in the Honor Housing Unit, or that Purkett violated any state-created liberty interest by removing plaintiffs from the Honor Housing Unit after they were found guilty of conduct violations. We conclude, therefore, that plaintiffs failed to allege that Purkett violated their constitutional rights. *See Martin,* 780 F.2d at 1337 (although liberally construed, "pro se complaint must contain specific facts supporting its conclusions").

 We also conclude that plaintiffs failed to allege a constitutional claim against Dement, Cornell, and Kluver. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), "does not require that the test results be included in the written notice," and "prison officials are [not] required to supply an inmate with a copy of test results" at the disciplinary hearing. *Harrison v. Dahm,* 911 F.2d 37, 41 (8th Cir.1990). We have previously held that prison officials are not required to provide second urinalysis tests to satisfy the Due Process Clause. *See, e.g., Harrison,* 911 F.2d at 41–42. Plaintiffs' reliance on *Holt v. Caspari,* 923 F.2d 103 (8th Cir.1991), is misplaced because that opinion was vacated. *See Holt v. Caspari,* 961 F.2d 1370, 1371 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992). Plaintiffs do not allege they were denied due process as set forth in *Wolff.* We conclude, therefore, that the district court properly dismissed the complaint.

We decline to consider plaintiffs' argument that the district court did not give them an opportunity to amend their complaint prior to dismissing it with prejudice because it was raised for the first time in their reply brief. *See Wiener v. Eastern Ark. Planting Co.,* 975 F.2d 1350, 1357 n. 6 (8th Cir.1992).

Accordingly, we affirm.