27 F.3d 331
 Dickie COKELEY, Appellant,
v.
Roger ENDELL, Director, Arkansas Department of Correction;
Larry Norris, Assistant Director, Arkansas Department of
Correction; Larry Fiedorowicz, Disciplinary Hearing
Administrator, Arkansas Department of Correction; M.D.
Reed, Warden, Varner Unit, Arkansas Department of
Correction; James Byers, Disciplinary Hearing Officer,
Arkansas Department of Correction; C.A. Collins, Building
Major, Chief of Security, Arkansas Department of Correction;
John H. Cartwright, Supervisor, Varner Unit, Arkansas
Department of Correction; I. Green, Captain, Varner Unit,
Arkansas Department of Correction, Appellees.
 No. 93-2821.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 7, 1994.
Decided June 16, 1994.
 
 Dickie Cokeley, pro se.
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 Dickie Cokeley appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We reverse and remand.
 
 
 2
 Cokeley filed a pro se section 1983 complaint alleging that various Arkansas Department of Correction officials violated his rights under the Sixth and Fourteenth Amendments. Specifically, Cokeley claimed he became a pretrial detainee when his 28 U.S.C. Sec. 2254 habeas petition was granted on December 20, 1991. See Cokeley v. Lockhart, 951 F.2d 916, 917 (8th Cir.1991) (writ granted subject to state's right to retry within a reasonable time), cert. denied, --- U.S. ----, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992). As a pretrial detainee, Cokeley claimed that he should have been placed in an unassigned status but was "forced into slavery or involuntary servitude and punished by disciplinary action on November 23, 1992 when he refused an order by his immediate supervisor to work[ ] [w]hich resulted in loss of class and hobby craft privileges as punishment." Cokeley further claimed that Security Captain I. Green violated his right of access to the courts because Green denied Cokeley's request to telephone his attorney. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 A complaint which contains both factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). This court reviews a district court's section 1915(d) dismissal for abuse of discretion. See Denton v. Hernandez, --- U.S. ----, ----, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).
 
 
 4
 We find that Cokeley's claim has an arguable legal basis. Although a successful habeas petitioner differs from a pretrial detainee because he "has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State," Hilton v. Braunskill, 481 U.S. 770, 779, 107 S.Ct. 2113, 2120, 95 L.Ed.2d 724 (1987) (court may consider dangerousness of habeas petitioner in deciding whether to release him pending appeal of his successful habeas petition), a successful habeas petitioner also differs from a prisoner because a federal court of appeals has found his state conviction invalid and has set aside the conviction. Like a pretrial detainee, Cokeley, as a successful habeas petitioner, was being detained by the state pending a trial to determine guilt.
 
 
 5
 Pursuant to the due process provisions of the Fourteenth Amendment, a pretrial detainee may not be punished prior to a determination of guilt in accordance with due process. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979); Jones v. Mabry, 723 F.2d 590, 594 (8th Cir.1983), cert. denied, 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984). In Martinez v. Turner, 977 F.2d 421, 423 (8th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1658, 123 L.Ed.2d 277 (1993), this court held that "[r]equiring a pretrial detainee to work or be placed in administrative segregation is punishment." Cokeley alleges that, after his habeas petition was granted but while he was still imprisoned, he was punished when he refused an order to work. Cokeley thus has raised a novel claim with an arguable legal basis that the due process clause protects a successful habeas petitioner from punishment as it does a pretrial detainee. The district court abused its discretion in dismissing this claim. Further, the district court did not address Cokeley's claim of denial of access to the courts.
 
 
 6
 We reverse and remand the district court's section 1915(d) dismissal, and we remand his denial of access claim for consideration by the district court.
 
 
 7
 BEAM, Circuit Judge, dissenting.
 
 
 8
 I dissent.