48 F.3d 1224
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jewell KISSINGER; Gladys Kissinger, Appellants,
v.
ARKANSAS STATE HIGHWAY COMMISSION, Appellee.
 No. 94-3237.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 21, 1995.
Filed: Feb. 28, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jewell and Gladys Kissinger appeal the district court's[1] dismissal of their 42 U.S.C. Sec. 1983 damages action against the Arkansas State Highway Commission (the Highway Commission). We affirm.
 
 
 2
 The Kissingers alleged that part of their land was wrongfully taken by the Highway Commission when it exercised a right-of-way it held. The Kissingers alleged this act violated their rights under the Fourteenth Amendment and the Arkansas Constitution because the Highway Commission failed to provide them sufficient compensation or due process. The district court dismissed the action, concluding it was a suit against the State of Arkansas, and as such, was barred by the Eleventh Amendment.
 
 
 3
 Absent consent or Congressional abrogation, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Williams v. Missouri, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (Eleventh Amendment immunity bars suit absent two exceptions, Congressional abrogation or state waiver). "[A] state agency which is the sole creation of the state has no separate identity, and thus cannot be stripped of it's [sic] official character." Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988) (Eleventh Amendment barred injunction against Arkansas Board of Corrections). The Highway Commission is a state agency created by the Arkansas Constitution and charged solely with the administrative control of the Arkansas Highway and Transportation Department. See Ark. Const. Amend. 42 Sec. 1 (Michie 1987) (creation and powers); Ark. Code Ann. Sec. 27-65-102 (Michie 1994) (control of highway department); Ark. Code Ann. Sec. 27-65-107 (Michie 1994) (powers and duties). Thus, the district court correctly concluded the Kissingers' action is a suit against the State of Arkansas.
 
 
 4
 Because the Kissingers have not shown that either of the exceptions to the Eleventh Amendment are applicable, their suit is barred. See Edelman v. Jordan, 415 U.S. 651, 673 (1974) (state's waiver of immunity must be "express" waiver); Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 66 (1989) (state is not a "person" within meaning of section 1983; section 1983 did not abrogate states' Eleventh Amendment immunity).
 
 
 5
 The dismissal is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas