50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Alfred MAYES, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Division of Classification and
Treatment; Farmington Treatment Center; Larry G. Scott;
Unknown Investor; Unknown Blocker; Unknown Friend; Unknown
Spencer; Unknown Very; Unknown Heger; Unknown Henderson;
Unknown Jackson, Appellees.
 No. 94-3053.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 14, 1995.
Filed: Mar. 20, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Missouri inmate Alfred Mayes appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action as frivolous. We reverse and remand.
 
 
 2
 Mayes participated in a sentencing diversion program at the Farmington Treatment Center (Center). He filed this pro se complaint against the Department of Corrections, the Center, and several of the Center's correction officers and medical staff claiming deliberate indifference to his serious medical needs and the denial of access to the courts. The district court dismissed Mayes's complaint under 28 U.S.C. Sec. 1915(d), concluding defendants were merely negligent in treating his medical condition. The court did not address Mayes's denial-of-access claim.
 
 
 3
 While dismissal was appropriate as to the Department of Corrections and the Center, see Barnes v. Missouri, 960 F.2d 63, 65 (8th Cir. 1992) (per curiam) (Sec. 1983 not intended to abrogate state's Eleventh Amendment immunity), we believe the district court abused its discretion in dismissing Mayes's complaint against the individual employees of the Center, see Cokeley v. Endell, 27 F.3d 331, 332 (8th Cir. 1994) (standard of review for Sec. 1915(d) dismissal). Mayes's factual allegations, which must be accepted as true, see Ketchum v. City of W. Memphis, 974 F.2d 81, 83 (8th Cir. 1992), included the following. Upon arriving at the Center, he was assigned to a bed from which he became infested with crabs. Over a two-month period, his requests for medication were continually denied. At one point, a course of treatment was instituted, only to have officers interfere with it. Mayes subsequently was warned not to seek any further medical treatment, and when he failed to heed this warning, he was terminated from the program and sentenced. These allegations can be read to assert more than mere negligence and provide an arguable basis for relief. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (unnecessary and wanton infliction of pain, intentionally denying or delaying access to medical care, or interfering with treatment once prescribed constitutes deliberate indifference); In re Cook, 928 F.2d 262, 263 (8th Cir. 1991) (per curiam) (complaint alleging intentional refusal to treat prisoner's injuries was improperly dismissed as frivolous; "[b]ecause it is not apparent from [his] complaint 'that he received extensive medical care and that the doctors were not indifferent to his needs,' ... we cannot say at this stage of the proceedings that his complaint ... has no arguable basis in fact or law" (citations omitted)); Dace v. Solem, 858 F.2d 385, 387-88 (8th Cir. 1988) (per curiam) (prisoner should have been given chance to develop claim that he suffered from nasal condition and prison officials refused to provide medical treatment; no way to assess seriousness of condition or necessity of treatment when complaint dismissed before discovery had).
 
 
 4
 Furthermore, we believe Mayes's claim that he was denied access to a law library should be remanded for initial consideration by the district court. See Cokeley, 27 F.3d at 332. We also note that although Mayes has not specifically raised any other claims, the district court has a duty to examine his factual allegations to determine if they might support any additional grounds for relief. See Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988); Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993) (civil rights claim stated where inmate was provided with dirty bed linen from which he became infected with head and body lice; "inmates do have a right to be free of conditions that generate infestations of vermin").
 
 
 5
 Accordingly, we reverse and remand for further proceedings.