60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Timothy JOHNSON, Appellant,
v.
CO-I HODGE; Bill Armontrout; -Sydow, Housing Unit Manager;
Michael Dixon, Appellees.
 No. 94-2124
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 15, 1995
Filed: July 3, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy Johnson appeals from the final judgment entered in the District Court[1] for the Western District of Missouri upon a jury verdict in favor of prison officers Gerard Hodge and Michael Dixon, in this 42 U.S.C. Sec. 1983 excessive-force action stemming from a cell gate being slammed closed on his leg. He also appeals from the final order[2] dismissing his claim against warden Armontrout under 28 U.S.C. Sec. 1915(d). For reversal, Johnson argues the district court erred in (1) dismissing his claim against the warden; (2) denying his request for an impartial court-appointed expert witness; (3) denying a non-party witness request; (4) admitting his grievance and medical reports at trial; (5) allowing defense counsel to refer to him and his witnesses as convicted felons; (6) submitting flawed verdict-directing jury instructions over his objections; and (7) failing to declare a mistrial when a juror complained of an inability to hear six hours into the trial, and when one of the defendants openly admitted he was committing perjury. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 We conclude the district court did not abuse its discretion in dismissing Johnson's claim against Armontrout. See Cokeley v. Endell, 27 F.3d 331, 332 (8th Cir. 1994) (standard of review). Johnson never alleged any basis for imputing liability for Hodge's conduct to Armontrout. See Mark v. Nix, 983 F.2d 138, 139-40 (8th Cir. 1993) (per curiam) (Sec. 1983 liability requires some personal involvement or responsibility).
 
 
 3
 We also conclude the district court did not abuse its discretion in denying Johnson's request for a court-appointed expert. See United States Marshals Serv. v. Means, 741 F.2d 1053, 1058-59 (8th Cir. 1984) (court's discretionary power to order United States in civil case to advance fees for expert witnesses later to be taxed as costs, is to be exercised only under compelling circumstances). Johnson called as his own witness defendants' prison locksmith, and his inquiry included questions aimed at bringing out any bias in favor of defendants. Nor did the district court abuse its discretion in denying Johnson's request to call Armontrout as a witness to testify concerning the danger posed by the operation of the cell gates. Cf. Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (standard of review).
 
 
 4
 Johnson's evidentiary objection concerning the admission of his prison medical records focused on his inability to cross-examine the physician. The parties, however, stipulated to the admissibility of the medical records, and we find no abuse of discretion in the admission of Johnson's prison medical report. Cf. Hogan v. American Tel. & Tel. Co., 812 F.2d 409, 410 (8th Cir. 1987) (per curiam) (standard of review). There is no indication Johnson's grievance was admitted into evidence.
 
 
 5
 Johnson himself elicited testimony concerning his witnesses' prior convictions, and he never objected at trial to questions concerning his own prior convictions. He also failed to object to defense counsel's reference during closing argument to Johnson's and his witnesses' convictions in the context of their credibility. We find no plain error.
 
 
 6
 Johnson's objection to the use of the word "sadistically" in the jury instructions was properly overruled. See Cummings v. Malone, 995 F.2d 817, 822 (8th Cir. 1993) (in excessive force claim, jury must consider whether force was applied maliciously and sadistically for purpose of causing harm). Johnson's other arguments concerning the jury instructions are either not preserved or frivolous.
 
 
 7
 Finally, there is no support in the record for Johnson's characterization of events that he argues warranted a mistrial.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri