60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eddie RISDAL, Appellant,
v.
Lt. JACOBS; Robert Washington; Jim Helling, Appellees.
 No. 94-1258
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1995.
Filed: July 12, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie Risdal, an inmate at the Iowa State Penitentiary (ISP), appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous under 28 U.S.C. Sec. 1915(d). Finding that the district court did not abuse its discretion in doing so, we affirm.
 
 
 2
 Title 28 U.S.C. Sec. 1915 authorizes a district court to dismiss an in forma pauperis action before service of process if it is frivolous. A claim is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review a section 1915(d) dismissal for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 3
 Risdal alleged in his complaint that ISP guards and inmates rifled his legal files after he was transferred out of ISP at Fort Madison, Iowa, for a civil trial in Cedar Rapids. We agree with the court that this claim was frivolous, because Risdal did not allege he was prejudiced in any ongoing litigation. See Tyler v. "Ron" Deputy Sheriff, 574 F.2d 427, 429 (8th Cir. 1978) (per curiam) (taking of inmate's legal papers actionable under Sec. 1983 if taking interferes with right of access to courts). The district court also correctly concluded that Risdal's reference to the consent decree in Dee v. Brewer, No. 77-102-1 (S.D. Iowa July 25, 1980), which limits the rights of Iowa prison officials to search an inmate's legal papers, is not a basis for relief in this action. See Wycoff v. Hedgepeth, 34 F.3d 614, 615 & 616 n.2 (8th Cir. 1994) (noting this court's previous refusal to hold that consent decree may be enforced through Sec. 1983 action).
 
 
 4
 Risdal also complained that he was taken to another institution before he was returned to Fort Madison; that when he returned to Fort Madison, he was housed in a cell other than the one he had vacated to go to Cedar Rapids; that he was denied reinstatement in his previous job; and that he was not immediately given a job. We agree with the court that these claims, too, were frivolous. See Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (no right based on Due Process Clause to be housed in certain barrack or housing unit), cert. denied, 115 S. Ct. 100 (1994); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir.) (per curiam) (no constitutional right to tenure in prison jobs, and ISP regulations do not create property or liberty interest in prison job), cert. denied, 469 U.S. 839 (1984).
 
 
 5
 Risdal further alleged that the foregoing actions were taken against him for retaliatory reasons. We agree with the court that this allegation is too broad and conclusory to support a claim under section 1983. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam). Finally, we agree that Risdal's remaining allegations-that he was being set up for murder, verbally harassed, and forced to serve his entire sentence-are frivolous, particularly because he does not deny that he has repeatedly brought these claims before the district court. Cf. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) (district court did not abuse its discretion in dismissing as frivolous claim duplicative of claim previously dismissed as frivolous); Robbins v. Clarke, 946 F.2d 1331, 1333 & 1334 n.5 (8th Cir. 1991) (affirming Sec. 1915(d) dismissal on basis of collateral estoppel); Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985) (verbal threats and name-calling usually not actionable under Sec. 1983); Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984) (per curiam) (affirming dismissal of complaint "based on 'broad and conclusory statements' " (quoted case omitted)).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa