65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Bobby F. McREYNOLDS, Appellant,
v.
Larry MAY, Warden, North Central Unit, Arkansas Department
of Correction; Jack Yancey, Assistant Warden, North Central
Unit, Arkansas Department of Correction; David M. Yancey,
Disciplinary Hearing Officer, North Central Unit, Arkansas
Department of Correction; Tim Dockins, CO-1, North Central
Unit, Arkansas Department of Correction; Robert Perry; E.
Reynolds, Inmate, ADC # 98770, North Central Unit, Arkansas
Department of Correction; Larry Norris, Director, Arkansas
Department of Correction, Appellees.
 
 No. 94-3308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 27, 1995.
Filed: Aug. 28, 1995.
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arkansas inmate Bobby F. McReynolds filed this 42 U.S.C. Sec. 1983 action against the Department of Correction and several other defendants alleging that, based on a false disciplinary report, he was disciplined for a "drug deal," and that he "continues to receive false ... disciplinaries as the result[ ] of [an] ongoing conspirac[y] ... to confuse and harass [him] into not seeking relief from the [defendants'] lawless evils." (R. Doc. 3 at 11.) The district court dismissed the complaint as frivolous. We reverse and remand.
 
 
 2
 While dismissal was appropriate as to the Department of Correction, see Barnes v. Missouri, 960 F.2d 63, 65 (8th Cir.1992) (per curiam), we conclude the district court abused its discretion in dismissing McReynolds's complaint against the other defendants, see Cokeley v. Endell, 27 F.3d 331, 332 (8th Cir.1994) (standard of review for dismissal under 28 U.S.C. Sec. 1915(d)). The filing of a false disciplinary report alone is not actionable; however, it may be when linked to an " 'intentional obstruction of a prisoner's right to seek redress of grievances[,]' [which] is the type of conduct section 1983 is intended to remedy." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) (citations omitted); cf. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir.1994) (summary judgment inappropriate because threat of retaliation for inmates's use of grievance procedures stated claim). Besides alleging receipt of the initial false disciplinary, McReynolds's complaint included an allegation, which must be accepted as true, see Ketchum v. City of W. Memphis, 974 F.2d 81, 83 (8th Cir.1992), that defendants continue to issue false disciplinaries against him to dissuade him from seeking relief. As this claim has an arguable basis in law and fact, McReynolds's complaint is not frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); cf. In re Workers' Compensation Refund, 46 F.3d 813, 822 (8th Cir.1995) ("right of court access cannot be impaired, either directly or indirectly.... Indirect impairment may include 'retaliatory action [taken] against an individual designed either to punish him for having exercised his constitutional right to seek judicial relief or to intimidate or chill his exercise of that right in the future' ").
 
 
 3
 Accordingly, we reverse and remand for further proceedings.