# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3681SI

_____

| | | |
|---|---|---|
| Danny Bridgeman, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court for |
| v. | * | for the Southern District |
| | * | of Iowa. |
| John Ault; Attorney General of State of | * | |
| Iowa, | * | [Not To Be Published] |
| | * | |
| Appellees. | * | |

_____

Submitted:  May 27, 1999

Filed:  June 14, 1999

_____

Before  WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit
Judges.

_____

PER CURIAM.


Danny Bridgeman, an Iowa inmate, appeals from the District Court's[1] denial of
his 28 U.S.C. § 2254 petition, alleging prison officials denied his constitutional right
to present a defense during a disciplinary action.  We affirm.

_____

[1] The Honorable R. E. Longstaff, Chief Judge, United States District Court for
the Southern District of Iowa.

After a prison officer searched a room shared by Bridgeman and other inmates, the officer found a balloon filled with marijuana. The balloon was located inside a coffee cup on top of a locker, which was accessible to all of the inmates. When none of the inmates indicated who owned the marijuana, they all were charged with disciplinary violations in connection with the drugs. In preparation of his defense, Bridgeman offered to submit to a urine test or to pay for and submit a polygraph, but his requests were denied. He also asked that the container of marijuana be tested for fingerprints, but this also was not done.

Following a hearing, Bridgeman was found guilty of drug possession, and was sentenced to disciplinary detention and administrative segregation; he also lost sixteen days of good-time credits. The decision was affirmed on administrative appeal. In response to a "supplemental appeal," a prison memorandum to Bridgeman indicated that he was "not entitled" to a urinalysis, blood, polygraph, or fingerprint test, noting that he had been "cited for possession which is not meant to be for the usage." After exhausting state remedies, he filed this habeas action claiming he was denied the right to present a defense because prison officials had refused to perform a urine, polygraph, or fingerprint test. The District Court denied Bridgeman's petition, concluding his due process rights had not been violated.

An inmate must be afforded procedural protections before being deprived of a protected liberty interest in good-time credits. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Specifically, in prison disciplinary proceedings, an inmate is entitled to (1) advance written notice of charges; (2) an opportunity to call witnesses and present documentary evidence when doing so "will not be unduly hazardous to institutional safety or correctional goals"; and (3) a written statement of the reasons for any disciplinary action taken. See id. at 563, 566. While an inmate may call witnesses and present documentary evidence, prison officials have the discretion "to keep the hearing within reasonable limits" and to limit access "to compile . . . documentary evidence." See id. at 566. We conclude that Bridgeman was not constitutionally

entitled to administration of a drug or polygraph test, or to the performance of a fingerprint analysis. See <u>Freitas v. Auger</u>, 837 F.2d 806, 812 n.13 (8th Cir. 1988) (rejecting inmate's argument that he should have been allowed to take polygraph examination addressing whether he participated in planning or furthering escape); <u>cf. Allen v. Purkett</u>, 5 F.3d 1151, 1152-53 (8th Cir. 1993) (per curiam) (due process does not require prison officials to provide second urinalysis by impartial laboratory), <u>cert. denied</u>, 513 U.S. 829 (1994).

Bridgeman argues that he was never given a reason for the institution's refusal to perform the tests, and that prison officials were required to explain the refusal. While prison officials must explain their refusal to allow an inmate to present evidence, see <u>Ponte v. Real</u>, 471 U.S. 491, 495-97 (1985), their refusal to create evidence by performing the tests Bridgeman requested is different from merely refusing to permit the use of such evidence at the hearing. As due process did not require prison officials to perform the tests, we conclude he was not entitled to a reason for the prison's refusal to perform them. We also note that the prison memorandum to Bridgeman seemed to indicate his requests were denied because prison officials did not believe the tests were relevant to the charges.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.