# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3888

_____

Forrest Mittendorf,

            Appellant,

            v.

James Purkett; Marilyn Schleappe;
Travis Grubbs,

            Appellees.

\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]

_____

Submitted: March 27, 2000

Filed: April 3, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Missouri inmate Forrest Mittendorf appeals from the district court's[1] 28 U.S.C.
§ 1915A order dismissing without prejudice his 42 U.S.C. § 1983 complaint against the
superintendent, a nurse supervisor, and a security aide at the Farmington Correctional

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Judge for
the Eastern District of Missouri.

Center.  Having carefully reviewed the record, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we conclude dismissal was proper.

First, Mr. Mittendorf--by claiming that the superintendent has falsely imprisoned him--has challenged the validity of his conviction or sentence, without alleging that either has been affected adversely.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (§ 1983 action should be dismissed if judgment would necessarily imply invalidity of conviction or sentence, unless conviction or sentence was reversed, expunged, declared invalid, or called into question).  Second, his bare allegations that he was assigned to rake leaves and move heavy furniture, and that he had been assigned to clean toilets, which led to the yard-work assignment, also do not state a viable constitutional claim.  See Choate v. Lockhart, 7 F.3d 1370, 1373-74 (8th Cir. 1993).  Third, Mr. Mittendorf appears to challenge the confiscation of money in his checking account, but this also does not rise to the level of a constitutional violation.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available).  Finally, we conclude the district court properly denied Mr. Mittendorf permission to add the State of Missouri as a defendant.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (state is not "person" under § 1983); Williams v. Missouri, 973 F.2d 599, 600 (8th Cir. 1992) (per curiam) (Missouri has not waived sovereign immunity for § 1983 claims).

Accordingly, we affirm.  See 8th Cir. R. 47A(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.