# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3588

_____

| | | |
|---|---|---|
| Thomas Pellegrino, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| State of South Dakota; Richard Mowell, | * | District of South Dakota. |
| Lawrence County Sheriff; John | * | |
| Fitzgerald, Lawrence County States | * | [UNPUBLISHED] |
| Attorney; Honorable Timothy Johns, | * | |
| Eight Judicial Circuit Judge; Northern | * | |
| Hills Public Defenders Office, in its | * | |
| entirety; Steve Lindquist, Administrator, | * | |
| South Dakota Human Services Center; | * | |
| Dr. Hartly Alsgaard, Psychiatrist; John | * | |
| Snyder, Social Worker; Liz Spivey, | * | |
| Clinical Psychologist; Lawrence | * | |
| County, South Dakota; Dale Larson, | * | |
| Lawrence County Jail Administrator; | * | |
| Rich Niesent, Jailer, Lawrence County | * | |
| Sheriff's Department; Dwane Russell, | * | |
| Chief Deputy Sheriff, Lawrence | * | |
| County, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 16, 2000
Filed: June 19, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

South Dakota inmate Thomas Pellegrino appeals following the District Court's[1] adverse grant of summary judgment in his civil rights action claiming that numerous persons and entities violated his constitutional rights in relation to his criminal case, see State v. Pellegrino, 577 N.W.2d 590 (S.D. 1998), and at various times during his incarceration.

Liberally construing Pellegrino's notice of appeal as encompassing the underlying orders he challenges, we find no abuse of discretion in the discovery rulings and no error of law in the grant of judgment in favor of defendants. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (prosecutorial immunity); Polk County v. Dodson, 454 U.S. 312, 324-25 (1981) (public defender does not act under color of state law in performing lawyer's traditional functions as counsel to defendant in state criminal proceeding); Dulany v. Carnahan, 132 F.3d 1234, 1243-44 (8th Cir. 1997) (in light of medical records which demonstrate that treatment was given, plaintiff must provide more evidence than her own opinion that her medical needs were disregarded); In re Missouri Dep't of Natural Resources, 105 F.3d 434, 435 (8th Cir. 1997) (scope of review of discovery orders is both narrow and deferential); Duty v. City of Springdale, 42 F.3d 460, 462-63 (8th Cir. 1994) (per curiam) (judicial immunity); McGautha v. Jackson County, Mo., Collections Dep't, 36 F.3d 53, 55-56 (8th Cir. 1994) (municipal liability arises if injury results from action pursuant to official municipal policy), cert. denied, 515 U.S. 1133 (1995); Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-

between defendants or meeting of minds); <u>Moses v. Parwatikar</u>, 813 F.2d 891, 892 (8th Cir.) (immunity of psychiatrist appointed by court to perform competency evaluation), <u>cert. denied</u>, 484 U.S. 832 (1987); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) (although liberally construed, pro se pleading must contain specific facts supporting its conclusions; general and conclusory allegations are insufficient).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. Pellegrino's motion to order appellees to produce certain documents is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.