# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2021

_____

| | | |
|---|---|---|
| Richard Leslie Schrier, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Donna Paulson, sued as Judge Donna | * | |
| Paulson; Scott Rosenberg, sued as | * | [UNPUBLISHED] |
| Judge Scott Rosenberg; Des Moines | * | |
| Police Department; Polk County | * | |
| Sheriff's Department; Christine | * | |
| Gonzalez, sued in her official capacity | * | |
| as Polk County Attorney, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 3, 2005
Filed: November 16, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Schrier appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action for damages. Having carefully reviewed the record and the parties'

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

submissions on appeal, we conclude the judgment of the district court was correct. Defendant judges were entitled to judicial immunity, see Mireles v. Waco, 502 U.S. 9, 11-13 (1991) (per curiam), as well as sovereign immunity, see Williams v. Missouri, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam); the county attorney was entitled to absolute prosecutorial immunity, see Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.), cert. denied, 519 U.S. 867 (1996); and, even assuming that the remaining defendants were suable entities, the allegations against them did not state a constitutional violation attributable to governmental policy or custom, see Tilson v. Forrest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994), cert. denied, 514 U.S. 1004 (1995). Accordingly, we affirm. See 8th Cir. R. 47B.

_____