Dewey BAKER, Appellant

v.

DIRECTOR, UNITED STATES PAROLE
COMMISSION, et al.

No. 89–5096.

United States Court of Appeals,
District of Columbia Circuit.

Decided Oct. 9, 1990.

Dewey Baker, pro se.

Jay B. Stephens, U.S. Atty., John D.
Bates and R. Craig Lawrence, Asst. U.S.
Attys., Washington, D.C., were on brief,
for appellees.

Before SILBERMAN, GINSBURG and
THOMAS, Circuit Judges.

Opinion for the Court filed PER
CURIAM.

PER CURIAM:

Dewey Baker challenges the district
court's *sua sponte* dismissal of his com-
plaint seeking declaratory relief and dam-
ages for an alleged denial of due process.
The district court determined that the com-
plaint failed to state a claim upon which
relief could be granted. Because we con-
clude that dismissal pursuant to Federal
Rule of Civil Procedure 12(b)(6) was appro-
priate, we affirm.

Baker was convicted of unarmed bank
robbery in 1978 and sentenced to sixteen
years for that offense. Subsequent to his
imprisonment for bank robbery, but before
the effective date of the federal Sentencing

Guidelines,[1] Baker escaped three times and received additional prison time. Baker claimed in his district court complaint that if he were sentenced under the Sentencing Guidelines, he would serve less time in prison. Before service of process, the district court *sua sponte* dismissed Baker's complaint for failure to state a claim upon which relief could be granted.

A dismissal for failure to state a claim is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The dispositive question in this case is whether we may affirm the district court's *sua sponte* dismissal of the complaint. The district court, relying on Rule 12(b)(6), disposed of Baker's action prior to service, and without providing Baker with notice or an opportunity to respond. Neither the Federal Rules of Civil Procedure nor any federal statute expressly prohibits *sua sponte* dismissals for failure to state a claim,[2] and this court has never confronted the issue directly.

■ The Ninth Circuit in *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir.1987), adopted a pragmatic approach to the issue, refusing to remand where it was apparent that the claimant could not possibly prevail. *Cf. Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir.1987) (stating a prior notice and opportunity to be heard requirement, but declining to remand where "a remand would be futile"); *Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283, 287 (5th Cir.1984) (articulating a notice standard but declining to remand where the "position of the parties on appeal makes clear that a remand for service of process and further pleading would serve no purpose"), *overruled on other grounds*, *Victorian v. Miller*, 813 F.2d 718 (5th Cir. 1987). In *Omar*, the appellant challenged a pretrial ruling of the district court which, in effect, *sua sponte* dismissed a counter-

claim for failure to state a claim. The district court did not give appellant notice of its intent to dismiss the counterclaim or an opportunity to oppose such a dismissal. The Ninth Circuit refused to find reversible error holding that a trial court may dismiss a claim *sua sponte* without notice "where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991. We adopt the position taken by our sister circuit: it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources.

We note that certain other circuits enforce a strict notice requirement with regard to *sua sponte* dismissals pursuant to Rule 12(b)(6) and mandate reversal for noncompliance with procedural steps dictated by the court. *See, e.g., Perez v. Ortiz*, 849 F.2d 793, 797–98 (2d Cir.1988); *Morrison v. Tomano*, 755 F.2d 515, 516–17 (6th Cir. 1985); *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526–27 (11th Cir.1983); *cf. Literature, Inc. v. Quinn*, 482 F.2d 372, 374 (1st Cir. 1973) (failure to give plaintiff prior notice "might well justify reversal," but reversed on other grounds). Such an approach, however, in cases where the plaintiff has not advanced a shred of a valid claim can only lead to a waste of judicial resources.

The standard we articulate today does not conflict with our holding in *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985). The *Brandon* court, in the context of discussing the standards for *sua sponte* dismissals of *in forma pauperis* petitions under 28 U.S.C. § 1915(d), lauded the procedural safeguards inherent in the disposition of a Rule 12(b)(6) motion filed by a defendant. *Brandon*, 734 F.2d at 59. This emphasis on the "sharply honed adversarial exchange" involved in a Rule 12(b)(6) motion, *Brandon*, 734 F.2d at 59, however, does not suggest that Rule 12(b)(6) may

---

**1.** Sentencing Reform Act of 1984, 18 U.S.C. § 3351, *et seq.*

**2.** The Supreme Court has expressly declined to comment on the propriety of *sua sponte* dismis-

sals under Rule 12(b)(6). *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1834 n. 8, 104 L.Ed.2d 338 (1989).

never be used as a basis for dismissal except upon motion by the defendant.

■ Because it is patently obvious that Baker could not have prevailed on the facts alleged in his complaint, we find that *sua sponte* dismissal was appropriate. It is clear that the Sentencing Guidelines apply only to those defendants whose offenses were committed on or after November 1, 1987. *See* 18 U.S.C. § 3551; *United States v. Newman*, 889 F.2d 88, 93–94 (6th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2566, 109 L.Ed.2d 748 (1990). Baker committed his offenses well before that date. Moreover, Baker's argument that *ex post facto* considerations are implicated regardless of the date of his offenses is without merit. *Ex post facto* considerations would only be applicable were stricter punishment imposed retroactively on Baker for crimes committed before the effective date of the Guidelines. *See, e.g., Collins v. Youngblood*, —— U.S. ——, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Indeed, it is to avoid the implications of the *ex post facto* clause that the Guidelines apply prospectively. *Newman*, 889 F.2d at 94.

■ Similarly, Baker's argument that he is being denied equal protection of the law because persons who committed crimes similar to his after November 1, 1987 are now receiving shorter sentences is without merit. Baker is in no worse position than those who were sentenced at the same time as he under the laws applicable at that time. *See Swinson v. United States Parole Comm'n*, 682 F.Supp. 29 (E.D.N.C.), *aff'd*, 849 F.2d 606 (4th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988).

Accordingly, the judgment of dismissal is affirmed.