992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William COMMONS, Plaintiff-Appellant,
v.
James CANTU, Robert Garcia, and William Price, Defendants-Appellees.
 No. 92-1352.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 We grant William Commons' motion to proceed without prepayment of costs or fees, and affirm the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his civil rights suit against the warden and two Colorado Department of Corrections employees at the Arkansas Valley Correctional Facility. Our decision is based in large part on the report and recommendation of the United States Magistrate Judge, which was adopted by the district court. It is unnecessary to repeat the grounds and reasons set out in the opinion below; however, we add the following comments.
 
 
 3
 In his complaint, filed pursuant to 42 U.S.C. § 1983, Mr. Commons alleges three violations of his constitutional rights: (1) "I have been deprived of meaningful rehabilitation and vocational training by the defendants in violation of my right to equal protection of the laws;" (2) "I have been subjected to cruel and unusual punishments by the defendants by being compelled to obey and be supervised by inmate guards;" and (3) "I have been subjected to cruel and unusual punishments by defendant Price in violation of my right to equal protection of the laws."
 
 
 4
 In his objection to the Magistrate Judge's report, Mr. Commons ties his denial of rehabilitation claim to an alleged liberty interest in prisoner rehabilitation and vocational training created by Colo.Rev.Stat. § 17-20-115 (1973). On appeal, he also cites Colo.Rev.Stat. § 18-1-102 (1973).[1] He also represents in his objection and on appeal that he is suing Messrs. Garcia and Price in their individual capacities. Finally, he asserts that the district court erred in dismissing his complaint without requiring an answer to be filed, and without an evidentiary hearing.
 
 
 5
 Mr. Commons' complaint raises significant questions of standing with respect to aspects of all three claims. It also appears not even to reach the liberty interest alleged since Mr. Commons' claim is centered on an alleged denial of on the job training to be a cook, rather than any and all opportunities for rehabilitation. The latter point is moot, however, since in no event do the statutes in question create a liberty interest. See, e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 6
 With respect to Mr. Commons' Eighth Amendment claims, he alleges no deprivation sufficiently serious or grave to form the basis of a violation, and no culpable state of mind on the part of the defendants. See Wilson v. Seiter, 111 S.Ct. 2321, 2324, 2326-27 (1991). Mostly, Mr. Commons' allegations are simply conclusory statements without the necessary factual averments. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). That is also true with respect to general statements of Mr. Commons' fear of assault by other inmates or inmate guards. Allegations of generalized fear and intimidation are insufficient to state either a constitutionally inhumane condition, or culpable state of mind on the part of prison officials.
 
 
 7
 Finally, the district court did not err by failing to require an answer to the complaint, or in not according Mr. Commons an evidentiary hearing.
 
 
 8
 Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."
 
 
 9
 Hall v. Bellmon, 935 F.2d at 1109-10 (10th Cir.1991) (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991) (citing Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C.Cir.1990) (per curiam))).
 
 
 10
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Colo.Rev.Stat. § 17-20-115 (1986) provides as follows:
 Persons to perform labor. All persons convicted of crime and confined in the correctional facilities at Canon City under the laws of this state, except such as are precluded by the terms of the judgment of conviction, shall perform labor under such rules and regulations as may be prescribed by the department.
 Colo.Rev.Stat. § 18-1-102(b) (1986) provides as follows:
 Purpose of code, statutory construction. (1) This code shall be construed in such manner as to promote maximum fulfillment of its general purposes, namely:
 ....
 (b) To forbid the commission of offenses and to prevent their occurrence through the deterrent influence of the sentences authorized; to provide for the rehabilitation of those convicted and their punishment when required in the interests of public protection;
 * * *