1 F.3d 45
 303 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Olayinka O. SOBAMOWO, Appellant,
v.
Robert A. BONNER et al., Appellees.
 No. 91-5218.
 United States Court of Appeals, District of Columbia Circuit.
 July 22, 1993.
 
 Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.[1]
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court is affirmed.
 
 
 3
 The Clerk is directed to withold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 DECISION
 
 4
 Olayinka Sobamowo appeals from an order of the United States District Court for the District of Columbia, No. 91-1206 (filed May 28, 1991), dismissing his civil complaint sua sponte for failure to state a claim. We affirm.
 
 DISCUSSION
 I.
 
 5
 Sobamowo is an alien prison inmate appearing pro se. He was convicted and sentenced to 5 years in prison for conspiring to possess or distribute heroin. After the district court denied Sobamowo's motion to vacate his sentence, made pursuant to 28 U.S.C. Sec. 2255, Sobamowo attempted to appeal this decision to this court. Sobamowo asserts, however, that the clerks of the court negligently prevented this court from hearing his appeal on the section 2255 motion. Sobamowo therefore brought a civil action in the district court arising out of the violation of his constitutional right of access to the courts and naming as defendants, inter alia, certain present and former clerks of this court and the court itself. The district court dismissed the complaint sua sponte, prior to issuance of the summons by the clerk, for failure to state a claim. Sobamowo appeals from this dismissal.
 
 
 6
 Sobamowo's factual assertions are as follows. On May 21, 1987, a jury convicted Sobamowo of violating 21 U.S.C. Sec. 846 by conspiring to possess or distribute heroin. In July 1987, Sobamowo was sentenced to a mandatory minimum term of five years in prison, and filed with this court a notice of appeal from his conviction.
 
 
 7
 After filing his direct appeal, Sobamowo came to believe that his sentence had been imposed in violation of 21 U.S.C. Sec. 846 as it existed in 1987. Therefore, in November 1987, Sobamowo filed in the district court a Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. Sec. 2255 (the section 2255 motion), alleging, inter alia, ineffective assistance of counsel in violation of the Sixth Amendment caused by his counsel's failure to object to what Sobamowo alleges to have been a clearly illegal sentence. In February 1988, the district court summarily dismissed the section 2255 motion, holding that the pendency of the direct appeal precluded review under 28 U.S.C. Sec. 2255.
 
 
 8
 In April 1988, Sobamowo filed with this court a notice of appeal from the denial of the section 2255 motion (section 2255 appeal), as well as an application for leave to proceed in forma pauperis. The section 2255 appeal was accordingly docketed.
 
 
 9
 In May 1988, Sobamowo filed a motion to consolidate his section 2255 appeal and the direct appeal from his conviction which was then pending. On September 16, 1988, Teresa Johnson, former Deputy Clerk and a named defendant in the present case, signed an order for the court holding Sobamowo's section 2255 appeal in abeyance until his direct appeal was resolved.[2]
 
 
 10
 In December 1988, Sobamowo was denied parole because he had been sentenced to a minimum five year term. He alleges that he was told he would have made parole had he received a sentence of 36 months or less.
 
 
 11
 In December 1989, this court affirmed Sobamowo's conviction. United States v. Sobamowo, 892 F.2d 90 (D.C.Cir.1989). Ineffective assistance of counsel was not there at issue.
 
 
 12
 After decision on his direct appeal, in January 1990, Sobamowo filed a motion to reopen his section 2255 appeal which had been held in abeyance. Sobamowo asserts that from February 1990 to April 1990 he wrote several letters to the clerks and to the Chief Judge of this court seeking action on his section 2255 appeal. In June 1990, Sobamowo in desperation filed another section 2255 motion in the district court, which the district court refused to act upon because of its previous decision on the same motion, the appeal from that motion still pending.
 
 
 13
 On May 9, 1990, almost two years after it was filed, this court ordered
 
 
 14
 that the motion for leave to proceed in forma pauperis in No. 88-3050 [the section 2255 appeal] be denied. The district court correctly ruled that there is no basis for this appeal.
 
 
 15
 ....
 
 
 16
 Because no appeal in forma pauperis in No. 88-3050 has been allowed, no mandate shall issue in that case. [Citation omitted.]
 
 
 17
 After issuance of this order, on May 25, 1990, Sobamowo attempted to pay the clerk the fees for his section 2255 appeal. Sobamowo mailed to the clerk a certified check for 120 dollars. The clerk received the check and returned it. By letter dated June 5, 1990, Deputy Clerk Robert Bonner, a named defendant, advised Sobamowo that
 
 
 18
 [t]he court, in its order of May 9, 1990, determined that there was no basis for an appeal. The appeal was not allowed and there remains nothing that could be docketed upon payment of the fee.
 
 
 19
 Paying the appropriate filing fees, on May 22, 1991, Sobamowo brought the present civil suit in the district court alleging violation of his constitutional right of access to the courts, styled after Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and naming as defendants various present and former clerks of this court, this court itself, and various other federal employees. The complaint also alleged several state law based tort claims. Prior to issuance of the summons by the clerk of the district court, on May 28, 1991, the district court rendered a decision:
 
 
 20
 [The complaint] totally lacks factual information justifying a Bivens action. All significant facts are pleaded on information and belief without supporting proof. Other conduct alleged is clearly the conduct of judicial employees engaged in their official duties and thus protected under well-established precedent.
 
 
 21
 The United States Court of Appeals for the District of Columbia, which is named as one of the defendants, is not an agency of the United States which is subject to suit and the complaint contains no allegations of any conduct by any judge of that Court.
 
 
 22
 Accordingly, ... the complaint fails to state a claim, fails to comply with the appropriate rules and fails to establish any judicial prerequisites. The complaint is dismissed by the Court, sua sponte, in its entirety. [Citations omitted.]
 
 
 23
 This appeal followed.
 
 II.
 
 24
 Sobamowo argues that because he was not proceeding in forma pauperis on his civil complaint, see 28 U.S.C. Sec. 1915(d) (1988), the district court could not dismiss his complaint sua sponte prior to issuance of the summons by the clerk. This argument, however, is contrary to Baker v. Director, United States Parole Comm'n, 916 F.2d 725 (D.C.Cir.1990). In Baker this court held that a district court may dismiss a complaint sua sponte for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure where "it is patently obvious that [the plaintiff] could not have prevailed on the facts alleged in his complaint." Id. at 727. Such dismissals may occur before service of process, and without providing the plaintiff notice or an opportunity to respond. Id. at 726.
 
 
 25
 Sobamowo's lengthy complaint consists of three attacks: First, and most directly, he attacks the conduct of the clerks, Teresa Johnson and Robert Bonner. He asserts that Johnson negligently and without judicial authorization ordered his section 2255 appeal held in abeyance. He then asserts that Robert Bonner negligently and without judicial authorization refused to accept the filing fee in his section 2255 appeal after this court had denied Sobamowo's application to proceed in forma pauperis. Sobamowo asserts that the prevention of his section 2255 appeal caused him to remain unlawfully in prison where he developed severe emotional and physical distress. Each of these acts, asserts Sobamowo, violated his constitutional right of access to the courts founded in the First and Fifth Amendments of the United States Constitution, and therefore gives rise to a Bivens action, as well as violating several state law based rights. Second, Sobamowo attacks this court itself. He asserts that the court negligently failed to correct the allegedly improper conduct of the clerks. This, asserts Sobamowo, renders the court liable in the same way it renders the clerks liable. Third, Sobamowo attacks various present and former clerks and other federal employees by generally alleging a conspiracy among them to prevent his section 2255 appeal from being heard.
 
 
 26
 It is well established that the Constitution provides a meaningful, but not unlimited, right of access to the courts; negligent deprivation of this right may state a cause of action in tort. See, e.g., Ryland v. Shapiro, 708 F.2d 967, 971-75 (5th Cir.1983); McCray v. Maryland, 456 F.2d 1, 5-6 (4th Cir.1972). Nevertheless, in this case it is patently obvious that such an action is precluded by other principles.
 
 
 27
 Sobamowo's first attack--the assertions of the two clerks' negligence--alleges facts that are insufficient to overcome the clerks' broad absolute immunity "from damage suits for performance of tasks that are an integral part of the judicial process." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C.Cir.1993). Sobamowo argues that the clerks are not immune because their conduct was ministerial, and that the clerks did not act under judicial direction or with judicial authorization. Even if Sobamowo could prove that this court did not specifically order the clerks to refuse to accept his payment and to hold his appeal in abeyance, and that these acts were ministerial not discretionary, absolute immunity would still exist under Sindram because the acts of accepting filings and signing orders "for the court" are "indisputably 'integral parts of the judicial process' within [the clerks'] jurisdiction." Seeid. at 1461. As to Sobamowo's second attack--the assertion of this court's failure to supervise--the "court" as an institution is not subject to suit and its judges have absolute judicial immunity. See Mireles v. Waco, 112 S.Ct. 286 (1991).
 
 
 28
 Sobamowo's final attack--the assertion of a conspiracy among the clerks and other federal officers--does not allege any specific, concrete facts. Rather, Sobamowo vaguely alleges that the clerks and an Assistant United States Attorney agreed to "impede and impair" Sobamowo's attempt to obtain relief in his section 2255 appeal. These allegations, devoid of factual reference, patently fail to satisfy this court's heightened standard of pleading in constitutional tort cases. See Martin v. Malhoyt, 830 F.2d 237, 254 & n. 40 (D.C.Cir.1987).
 
 
 29
 Accordingly, the order of the district court dismissing the complaint for failure to state a claim is
 
 
 30
 Affirmed.
 
 
 
 [1]
 The Honorable Helen W. Nies, Chief Judge, The Honorable Marion T. Bennett, Senior Circuit Judge, and The Honorable Glenn L. Archer, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 [2]
 Sobamowo alleges that he filed a motion for reconsideration of Johnson's decision which was never acted upon by the court