**Richard WILLIAMS, Plaintiff,**

**v.**

**HOLIDAY INN WASHINGTON, DC ON THE HILL, Defendant.**

**No. CIV.A. 02–01598(RJL).**

United States District Court,
District of Columbia.

Sept. 24, 2003.

Richard Williams, Sr., pro se, Chicago, IL.

Curtis A. Boykin, The Law Office of Curtis A. Boykin, PLLC, Washington, DC, for Holiday Inn.

## MEMORANDUM OPINION & ORDER

LEON, District Judge.

Now before the Court are plaintiff Richard Williams' motion for summary judgment, defendant Holiday Inn's motion to dismiss, and numerous other motions submitted by plaintiff. For the following reasons, the Court grants the defendant's motion and dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted.

### I. Background

Plaintiff, proceeding *pro se*, alleges a myriad of allegations against the defendant and or its employees, including violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964 ("Civil Rights Act"), 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. Compl. at 1. His alleged claims even include an attempted murder charge, wherein he contends that "covert murderers," previously employed by the defendant, are threatening to murder him. *See* Compl. at 5. In that regard, he claims that a hamburger he ate at the defendant's bar made him ill and that occurrence is somehow tied to these alleged efforts to kill him. Compl. 8/12/02 at 1. He further alleges that the defendant's employees discharged him prematurely from the hotel. Compl. at 5. Plaintiff seeks $42 million in compensatory damages, Compl. at 6, and $21 million in punitive damages, Compl. at 7.

After filing his complaint, plaintiff also filed a "Motion to Cease and Decease Imediately of Neurological and Biological Manipulation and Interference of Richard Williams Body by all fore said Parties listed in Complaintant Motions," [sic] basically reiterating the allegations in his complaint.

In its motion to dismiss, defendant argues that this Court lacks subject matter jurisdiction, that plaintiff has failed to state a claim upon which relief can be granted, and improper service. On October 1, 2002, the Court ordered plaintiff to respond to defendant's motion to dismiss on or before November 2, 2002, and, if he failed to do so, that the Court would treat the motion as conceded and dismiss the complaint. Instead of filing an opposition, plaintiff submitted a motion to disqualify the Court and a motion for summary judgment.

### II. Analysis

To the extent that the Court has subject matter jurisdiction over plaintiff's claims, it must dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A court should dismiss a complaint under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Complaints may also be dismissed, *sua*

*sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best v. Kelly,* 39 F.3d 328, 331 (D.C.Cir.1994) (quoting *Baker v. Director, United States Parole Comm'n,* 916 F.2d 725, 726 (D.C.Cir.1990)).[1] When proceeding under Rule 12(b)(6), all factual allegations in the complaint are taken as true. *See Murphy v. Lancaster,* 960 F.2d 746, 748 (8th Cir.1992). Additionally, *pro se* pleadings should be read more liberally than pleadings filed by attorneys, and even if the complaint if unartfully pleaded, the court should try to discern a cause of action. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

■ Plaintiff cannot possibly secure relief in this matter. Plaintiff's pleadings, even read liberally as required for *pro se* plaintiffs, do not set forth any elements for any actionable claims under either the federal statutes he references or any other conceivably relevant federal statutes. *See Baker v. Director, United States Parole Comm'n,* 916 F.2d 725, 727 (D.C.Cir.1990) (explaining that when there is no legal basis for plaintiff's complaint, it should be dismissed so as to not waste judicial resources). Becoming ill from a hamburger and being evicted from a hotel room are not sufficient allegations, even if true, to give rise to a claim under the ADA or Title VII, let alone to warrant the grand jury investigation he seeks for alleged attempted murder. Therefore, the Court must dismiss his complaint for failure to state a claim upon which relief may be granted.

### III.  Order

For the foregoing reasons, it is on this 24th day of September 2003, hereby

**ORDERED** that Defendant's motion to dismiss [# 6] is GRANTED;

**ORDERED** that plaintiff's motion for an injunction and investigation [# 2] is DENIED;

**ORDERED** that the plaintiff's motion for injunction and restraint of hate crime harassments [# 3] is DENIED;

**ORDERED** that the plaintiff's motion to appoint counsel [# 4] is DENIED;

**ORDERED** that plaintiff's motion to "cease and decease" [# 5] is DENIED;

**ORDERED** that plaintiff's motion for promulgation of facts [# 7] is DENIED;

**ORDERED** that plaintiff's motion for summary judgment [# 8] is DENIED;

**ORDERED** that plaintiff's motion to disqualify judge [# 11] is DENIED;

**ORDERED** that plaintiff's motion for summary judgment [# 13] is DENIED;

**ORDERED** that defendant's motion for leave to late file [# 10] is GRANTED nunc pro tunc;

**ORDERED** the above-captioned case is dismissed with prejudice;

**SO ORDERED.**

---

1.  Note that the D.C. Circuit distinguished between Rule 12(b)(6) and Rule 12(b)(1) when dealing with meritless cases: "Rule 12(b)(6) dismissals cull *legally* deficient complaints. The Rule 12(b)(1) 'substantiality' doctrine is, as a general matter, reserved for complaints resting on truly fanciful *factual* allegations." *Best,* 39 F.3d at 331 n. 5. Certain of Mr. Williams' allegations could be equally dismissible under 12(b)(1).