Richard WILLIAMS, Plaintiff,

v.

AMTRAK, Defendant.

No. 02–CV–02219 (RJL).

United States District Court,
District of Columbia.

Sept. 29, 2003.

Richard Williams, Sr., Chicago, IL, pro se.

Dennis Merrill Moore, Amtrak Law Department, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Now before the Court is *pro se* plaintiff Richard Williams' motion for summary judgment and defendant Amtrak's motion to dismiss. The Court dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted.

## I. Background

Plaintiff's complaint asserts violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., the Civil Rights Act of 1964 ("Civil Rights Act"), the Bill of Rights of the U.S. Constitution. Compl. at 1, 8. Plaintiff alleges that defendant caused "extreme emotional stress and aide and abetted into a grievious serial of hate crimes, as well as, attempted murder to take away his rights of due process of the law by using Metropolitan Police Dept. Amtrak police, Amtrak personnel to aide in a biophysical torture, that is, cruel and unusual punishment and attempted murder on complaintant with malice and fore thought by neurological, and biological manipulation, and interference, invadesion of his innermost thoughts of Richard Williams ... complaintant mind and body by the use of microscopic crystals ...." [sic] Compl. at 1–2. Additionally, plaintiff asserts that Amtrak contaminated his food and put poison in the train in an attempt to kill him. Compl. at 11. Plaintiff requests an injunction barring the defendant from violating his rights, Compl. at 5, and $42 million in compensatory and punitive damages, Compl. at 13.

To date, two motions have been filed. Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Def. Amtrak's Mot. to Dismiss at 1. Defendant argues that the complaint fails to link Amtrak to any of plaintiff's assertions and does not put forth any claim for relief. Mem. of P. & A. in Supp. of Amtrak's Mot. to Dismiss at 2. Plaintiff filed a motion for summary judgment, but failed to submit any affidavits, answers to interrogatories, or other material demonstrating no issue of material fact. For the following reasons, the Court grants the defendant's motion to dismiss the complaint and denies

**2**

the plaintiff's motion for summary judgment.

## II. Analysis

To the extent that the Court has subject matter jurisdiction over plaintiff's claims, it must dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. While all factual allegations in the complaint are taken as true when determining whether a complaint sets for a claim for which relief can be granted, *see Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir.1992), and although the Court must liberally construe all *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court nonetheless concludes that the plaintiff cannot win relief. As the Supreme Court held in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a court should dismiss a complaint under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Additionally, "[c]omplaints may also be dismissed, *sua sponte* if need be, under Rule 12(b)(6) whenever 'the plaintiff cannot possibly win relief.'" *Best*, 39 F.3d at 331 (quoting *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C.Cir.1990)).[1]

Plaintiff cannot possibly prove any set of facts based on a liberal reading of his pleadings that would entitle him to relief under either of the federal statutes he has referenced or any other relevant federal statutes. *See Baker*, 916 F.2d at 727 (explaining that when there is no legal basis for plaintiff's complaint, it should be dismissed so as to not waste judicial resources). Accordingly, the Court must dismiss his complaint for failure to state a claim upon which relief may be granted.

## III. Order

For the foregoing reasons, it is on this 29th day of September 2003, hereby

**ORDERED** that Defendant's motion to dismiss [# 2] is GRANTED;

**ORDERED** that plaintiff's motion for summary judgment [# 3] is DENIED; and

**ORDERED** the above-captioned case is dismissed with prejudice;

**SO ORDERED.**

---

1. The D.C. Circuit distinguishes between Rule 12(b)(6) and Rule 12(b)(1) when dealing with meritless cases: "Rule 12(b)(6) dismissals cull *legally* deficient complaints. The Rule 12(b)(1) 'substantiality' doctrine is, as a general matter, reserved for complaints resting on truly fanciful *factual* allegations." *Best*, 39 F.3d at 331 n. 5. Mr. Williams' allegations could be equally dismissible under 12(b)(1).