**Jean KINSER, Appellant,**

v.

**WILLIAMS INDUSTRIES INCORPORATED, a Virginia Corporation, Appellee.**

**No. 02–5308.**

United States Court of Appeals, District of Columbia Circuit.

March 4, 2004.

Mark Peyser Friedlander, Jr., Friedlander & Friedlander, McLean, VA, for Appellant.

Daniel M. Press, McLean, VA, for Appellee.

Before RANDOLPH, ROGERS and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court from the District of Columbia and on the briefs and arguments of the parties. It is

ORDERED AND ADJUDGED that the judgment of the district court is affirmed. *See Wells Fargo Bank, N.A. v. FDIC,* 310 F.3d 202, 205 (D.C.Cir.2002). Appellee's

alleged liability to appellant arises from the "best efforts" clause of paragraph 2 of the parties' Memorandum of Understanding ("MOU"). Under that paragraph, appellee is to use its "best efforts" to secure a release for appellant and her husband from all personal liability for the debts of their company, Atchison & Keller, Inc. To fulfill that commitment, paragraph 3 states appellee is to secure a working capital line of credit of $1 million for the company, and appellee's "best efforts" includes "the possible guarantee" of the debt. Simply put, the "best efforts" language in the MOU does not state a commitment by appellee to guarantee the entire loan or to procure the loan with no liability on the part of appellant and her husband. Furthermore, pursuant to the personal guaranty of appellant and her husband for the full amount of the loan, and their several pledges of collateral, the bank had discretion to seek repayment of the loan from them and to sell the collateral before pursuing any claim against appellee. Finally, by the terms of paragraph R.2 of the Extension Agreement between appellee and the bank, appellee's liability was limited to fifty percent of the aggregate amount of the outstanding loan up to $500,000. Appellee put up no collateral for the loan and its acknowledgment in paragraph R.6 of the then outstanding amount of the loan did not change the terms of its liability to the bank under paragraph R.2.

Accordingly, there is no basis upon which appellant can prevail on her cross-claim against appellee for a credit greater than the amount awarded by the district court, and the district court did not err in dismissing the cross-claim. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Baker v. Dir., United States Parole Comm'n,* 916 F.2d 725, 726 (D.C.Cir.1990); *Pleasants v. Locke,* 924 F.2d 1144, 1146 (D.C.Cir.1991). The lack of notice of the court's intent to dismiss

the cross-claim resulted in no prejudice to appellant. *See Baker,* 916 F.2d at 726; *Omar v. Sea–Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir.1987).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. Rule 41.