**Chante HODGE and Harold H. Hodge, Harold and Chante Hodge, next of friend to Bathsheba Hodge and Beersheva Hodge, Appellants**

v.

**UNITED STATES POSTAL SERVICE, et al., Appellees.**

No. 04–5442.

United States Court of Appeals, District of Columbia Circuit.

May 31, 2005.

Chante Hodge, Lexington Park, MD, pro se.

Harold H. Hodge, Lexington Park, MD, pro se.

Before GINSBURG, Chief Judge, and EDWARDS and RANDOLPH, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by appellants. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's dismissal order, filed June 29, 2004, be affirmed. The Federal Tort Claims Act expressly bars appellants' claims, to the extent that they arise from the "loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b); *see Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998). To the extent appellants claim they were the victims of intentional discrimination, the district court properly adjudged that, pursuant to the screening provisions of 28 U.S.C. § 1915A(b), they have failed to state a claim upon which relief can be granted. *Cf. Baker v. U.S. Parole Commission,* 916 F.2d 725, 726 (D.C.Cir.1990) (*per curiam*). Appellants have not stated a claim for discrimination in violation of Title VII or the Fourteenth Amendment. They failed to allege facts indicating that they were members of a protected class, *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or that the alleged actions were undertaken on a discriminatory basis or were motivated by discriminatory intent or

purpose. *Cf. Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (proof of racially discriminatory intent or purpose required to show violation of Equal Protection Clause).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.