**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDGARDO MALDONADO-ARCE,

    Plaintiff,

      v.

DAVID R. PETER, Director, New York
State Department of Social Services, *et al.,*

    Defendants.

Civil Action No. 09-2336 (CKK)

**MEMORANDUM OPINION**
(February 24, 2010)

Plaintiff Edgardo Maldonado-Arce, proceeding *pro se*, filed the above-captioned matter on December 8, 2009. Although the exact nature of Plaintiff's claims are difficult to discern, his complaint focuses primarily upon allegations that he was mistaken for a drug dealer and that his young child died because of corruption in the City of Buffalo, New York. Complaint, Docket No. [1] at 2 ("I was mistaking [*sic*] for a drug dealer and my ex girl friend lose a child = baby my baby because is to [*sic*] much corruption in the city of Buffalo, N.Y.").[1] Plaintiff also has attached to his complaint a document, which appears to be a power point presentation, that re-alleges his claim that he "was confused with a drug dealer" and lists a multitude of individuals whom Plaintiff claims to have contacted after he was allegedly mistaken as a drug dealer. *Id.* at 6-12. The attachment also contains two additional allegations — first, that he was evicted from his apartment by his then-landlord based upon his mistaken identification as a drug dealer, *id.* at 13, and second, that the United States government acted negligently toward him when it failed to

_____

[1] All citations to the complaint are to the relevant page numbers of the document, as it appears on the public docket.

fulfill an unspecified promise to Plaintiff "to do justice," *id.* at 14.  Plaintiff seeks an award of $800,000,000 in damages for his child's death and for the alleged damage to his reputation resulting from his mistaken identification as well as compensation for allegedly spending two days and one night in jail.  *Id.* ("my relief [*sic*] seek is $800,000,000 million's [*sic*] for the baby that die and my reputation been damage [*sic*] and 2 day's [*sic*] and one nig[ht] that I spen[d] in [j]ail").

As is readily apparent from the Court's review of Plaintiff's complaint, the pleading consists solely of conclusory allegations made without reference to any underlying factual allegations identifying alleged wrongdoing by Defendants or to any legal authority supporting an award of the requested monetary relief.  Indeed, Plaintiff's complaint is entirely devoid of any facts supporting his allegations that he was mistaken as a drug dealer or that his child died as a result of unspecified corruption within the City of Buffalo, New York.  Moreover, while Plaintiff's complaint names a litany of individuals and government entities as Defendants in this action,[2] he does not specify anywhere in his complaint whether and how Defendants were allegedly involved with or responsible for his alleged mistaken identification as a drug dealer and/or the death of his child.

It is well settled in this Circuit that a court may dismiss a complaint *sua sponte* pursuant

---

[2] Specifically, Plaintiff names as Defendants the following individuals and governmental entities: David R. Peter, Director of the New York State Department of Social Services; Dennis Greene; Steven Greene; Rosa Amelia Gonzales; Angel Luis Quiros; Jeffrey A. Lazroe, Esq.; Elliz Gomez, Andy Garcia, and Faviola Riott with the Niagara Family Health Center; Sohoy Friedlander with the Children's Hospital; Joanne Walsh Clostate of the N.Y. Attorney Grievance Committee; New York State Executive, Department of Human Rights; Police Commissioner Rocco Dina; the Buffalo District Attorney's Office; Christopher Schroder; and David Tod Tengen.  Plaintiff's Complaint does not provide any further indication who these individuals are or what alleged role they had with respect to the alleged wrongdoing.  *See generally* Compl.

to Federal Rule of Civil Procedure 12(b)(6), prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726-27 (D.C. Cir. 1990) ("Because it is patently obvious that Baker could not have prevailed on the facts alleged in his complaint, we find that *sua sponte* dismissal was appropriate."); *see also Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) ("Under our cases, where a trial court has dismissed a claim *sua sponte* under Rule 12(b)(6) without affording plaintiff an opportunity to replead, a remand is appropriate unless "'the claimant cannot possibly win relief.'") (quoting *Baker*, 916 F.2d at 726); *Zernik v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 25 (dismissing complaint *sua sponte* for failure to state a claim); *see also Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (dismissing *pro se* complaint *sua sponte* where the complaint made clear that plaintiff had failed to provide "any factual or legal basis for alleged wrongdoing by defendants"). That is plainly the case here. Plaintiff's complaint provides no factual or legal basis for his request for relief and fails to specify any alleged wrongdoing by Defendants that would support a viable claim for relief. Plaintiff's complaint will therefore be DISMISSED without prejudice.[3]

Finally, in light of this decision, Plaintiff's recently-filed Motion for Reconsideration, *see* Pl.'s Mot., Docket Nos. [6] & [7], in which Plaintiff seeks reconsideration of this Court's December 22, 2009 Order denying without prejudice Plaintiff's motion for appointment of

---

[3] In addition, despite the paucity of factual allegations in the complaint and the absence of any citations to legal authority, it appears to the Court that it likely lacks subject matter jurisdiction over the complaint. Plaintiff himself does not identify any claimed source of jurisdiction, and his claims may best be categorized, if at all, as asserting common law tort claims against the individual and state government defendants.

counsel and requests that the Court grant him a trial, is DENIED as moot.  An appropriate Order

accompanies this Memorandum Opinion.

Date:   February 24, 2010


                                                    _____/s/_____
                                                    **COLLEEN KOLLAR-KOTELLY**
                                                    United States District Judge