**Richard MALLOY, Appellant,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and Amalgamated Transit Union Local 689, Appellees.**

No. 16-7092
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: January 31, 2017

1:15-cv-01499-RDM

Richard Malloy, Pro Se.

Michael K. Guss, Esquire, Associate General Counsel, Washington Metropolitan Area Transit Authority (WMATA) Office of the General Counsel, Washington, DC,

for Washington Metropolitan Area Transit Authority.

Douglas Taylor, Attorney, Gromfine, Taylor, and Tyler PC, Alexandria, VA, Douglas Richard Taylor, Law Office of Douglas R. Taylor, Rockville, MD, for Amalgamated Transit Union Local 689.

BEFORE: Brown and Pillard, Circuit Judges, and Ginsburg, Senior Circuit Judge

## ORDER

Per Curiam

Upon consideration of appellant's brief and the supplement thereto; the motion for summary affirmance and the response thereto; the motion to remand; and the response to the October 19, 2016 order to show cause, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for remand be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Tax-payers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant's "hybrid § 301/fair representation claims" against appellees were subject to a six-month statute of limitations. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169, 171-72, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The district court correctly determined those claims were not filed until appellant paid the court filing fee and his complaint was entered on the civil docket, which was well after the six-month period had expired. Appellant's other civil and criminal claims were properly dismissed because there was no legal theory on which any of the relief sought could be granted. See Baker v. Director, U.S. Parole Commission, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (Rule 12(b)(6) dismissal whenever "the plaintiff cannot possibly win relief").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.