# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 20-5343**

**September Term, 2020**

**1:20-cv-02849-UNA**

**Filed On:** March 3, 2021

Andrew U.D. Straw, Esquire,

      Appellant

      v.

United States,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:** Tatel and Millett, Circuit Judges, and Sentelle, Senior Circuit Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed October 15, 2020, and November 16, 2020, be affirmed. The district court properly dismissed the case for lack of subject matter jurisdiction because appellant's claims against the United States for monetary damages under the Federal Tort Claims Act based on constitutional violations are barred by sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475, 477-78 (1994) (holding that sovereign immunity is jurisdictional and that the United States "has not rendered itself liable under [the FTCA] for constitutional tort claims"). Additionally, appellant has forfeited any argument that the district court erred in concluding that his claims against the United States are not actionable under the Americans with Disabilities Act. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004). Moreover, contrary to appellant's contention, the district court did not err in dismissing the case sua sponte. See Fed. R. Civ. P. 12(h)(3) (a court must dismiss an action if the court determines at any time that it lacks subject matter jurisdiction); see also Network IP, LLC v. FCC, 548 F.3d 116, 120 (D.C. Cir. 2008); Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726-27 (D.C. Cir. 1990). And because the district court correctly dismissed the case, it properly denied appellant's motion for service of process. Finally, appellant has not shown any

abuse of discretion in the district court's denial of reconsideration.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk