**No. 24-7078**                                    **September Term, 2024**

**1:23-cv-02689-RDM**

**Filed On:** September 4, 2024

Deborah Walton,

          Appellant

     v.

First Merchants Bank, et al.,

          Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Katsas, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order filed April 26, 2024, be affirmed.  The district court appropriately dismissed appellant's complaint sua sponte because "it is 'patently obvious' that [she] cannot possibly prevail based on the facts alleged in the complaint."  Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 127 (D.C. Cir. 2012) (quoting Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam)).  Given her pro se status, appellant may not file a qui tam action under the False Claims Act ("FCA").  See Idrogo v. Castro, 672 F. App'x 27 (D.C. Cir. 2016) (per curiam).  Nor may she assert an FCA retaliation claim because she was not an "employee, contractor, or agent" of any defendant.  31 U.S.C. § 3730(h)(1). Contrary to appellant's suggestion, the district court could dismiss her complaint without the Attorney General's consent because 31 U.S.C. § 3730(b)(1) applies only to a qui tam plaintiff's voluntary dismissal.  See Stevens v. U.S. Dep't of Health & Hum. Servs., 377 F. App'x 16 (D.C. Cir. 2010) (per curiam).  As for appellant's other federal claims, she forfeited those claims by failing to adequately press them in her brief.  See Williams v. Lew, 819 F.3d 466, 471 (D.C. Cir. 2016).  Lastly, because appellant has no

remaining federal claims, the district court properly declined to exercise supplemental jurisdiction over her state-law claims.  See Shekoyan v. Sibley Int'l, 409 F.3d 414, 423–24 (D.C. Cir. 2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                              **FOR THE COURT:**
                              Mark J. Langer, Clerk

                    BY:    /s/
                              Daniel J. Reidy
                              Deputy Clerk