# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-7049**  **September Term, 2024**

**1:24-cv-00349-ACR**

**Filed On:** October 17, 2024

Fred Gonzales,

      Appellant

    v.

Rashida Jones, Owner and CEO of MSNBC,
et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's March 19, 2024 order be affirmed. The district court did not err by dismissing the case without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Cf. Baker v. U.S. Parole Comm'n, 916 F.2d 725, 726-27 (D.C. Cir. 1990) (district court may sua sponte dismiss pursuant to Rule 12(b)(6) for failure to state a claim where it is "patently obvious that [the plaintiff] could not have prevailed on the facts alleged in his complaint").

Furthermore, the dismissal did not violate appellant's Seventh Amendment right to a jury trial. The district court concluded as a matter of law that appellant could not

succeed on his claim, and that legal determination does not invade the province of the jury and, therefore, does not violate appellant's Seventh Amendment rights.  See In re Peterson, 253 U.S. 300, 310 (1920) ("No one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined."); cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 326-28 & n.8 (2007) (noting that "[i]n numerous contexts, gatekeeping judicial determinations prevent submission of claims to a jury's judgment without violating the Seventh Amendment").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk